Stephen E. Morrissey, WSBA #44710
Lindsey Godfrey Eccles, WSBA #33566
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
smorrissey@susmangodfrey.com
leccles@susmangodfrey.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ACCESS TO ADVANCED HEALTH INSTITUTE, | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| PATRICK SOON-SHIONG, M.D. and CHAN SOON-SHIONG FAMILY FOUNDATION, | **(1) BREACH OF FIDUCIARY DUTY** (against Dr. Soon-Shiong) |
| Defendants. | **(2) DECLARATORY RELIEF** (against Dr. Soon-Shiong) |
| | **(3) BREACH OF CONTRACT** (against Chan Soon-Shiong Family Foundation) |
| | **JURY TRIAL DEMANDED** |

Plaintiff Access to Advanced Health Institute ("AAHI"), by and through its undersigned counsel, for its complaint in this action alleges as follows:

## I.      INTRODUCTION

1.      This action involves the improper efforts of a Los Angeles billionaire, Defendant Dr. Patrick Soon-Shiong, to exert control and influence over the board of a Seattle-based nonprofit biotech research institute, AAHI. Through his actions, Dr. Soon-Shiong seeks to further his personal interests—and to avoid many millions of dollars in obligations he incurred through contracts between his affiliated entities and AAHI—at AAHI's expense. Despite obvious conflicts

VERIFIED COMPLAINT - 1

12640808v1/018343

of interest that preclude him from doing so, Dr. Soon-Shiong continues to purport to act as the Chair of AAHI's board of directors in addressing these issues and in seeking to prevent AAHI's management and independent directors from doing so.

2.      AAHI's annual budget and financial viability depend, in substantial part, on long term contracts with entities affiliated with Dr. Soon-Shiong under which AAHI is owed more than $25 million this year. Those contracts are with Dr. Soon-Shiong's family foundation, the Defendant Chan Soon-Shiong Family Foundation (the "Foundation"), and a biotech company, ImmunityBio, of which Dr. Soon-Shiong is the Founder, Executive Chairman, Global Chief Scientific and Medical Officer, and largest shareholder.

3.      Dr. Soon-Shiong has a direct and obvious conflict of interest between his role and duties as an AAHI director and his financial interest in the contracts that support AAHI's research initiatives. Despite this clear conflict, Dr. Soon-Shiong is seeking to orchestrate AAHI board actions that would prevent AAHI from collecting the millions of dollars it is owed. Even though his Foundation is more than five months past due on its $8 million payment obligation for this year, Dr. Soon-Shiong has repeatedly demanded that AAHI "immediately" reallocate substantial portions of its resources to further Dr. Soon-Shiong's personal preference to satisfy his separate commitments to support clinical training of physicians through grants to organizations in South Africa—which, while a worthy cause, is not related to AAHI's core mission.

4.      Dr. Soon-Shiong also has prevented AAHI from being supervised under the direction of the independent board required by its by-laws. Instead, Dr. Soon-Shiong refuses to even acknowledge the appointment of additional independent directors and has continued to participate in board decision making on matters directly implicating his financial interests. Dr. Soon-Shiong has persistently ignored urgent notifications from AAHI's senior officers, General Counsel, and fellow directors of the financial crisis facing the organization, seeking instead to convene meetings of an improperly constituted board, or a faction thereof, focused on transferring AAHI funds to third party organizations. By doing so, Dr. Soon-Shiong has breached and is

VERIFIED COMPLAINT - 2

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1    continuing to breach his duty of loyalty to AAHI and created a corporate governance crisis that

2    threatens the institute's viability.

3        5.    By this action, AAHI seeks declaratory and injunctive relief to avoid the irreparable

4    harm that otherwise would result from Dr. Soon-Shiong's breaches of fiduciary duty by removing

5    him from the board based on his conflicts of interest (or, at a minimum, requiring his recusal from

6    all board matters implicating his interests), and ensuring that AAHI is governed by a truly

7    independent board. AAHI also seeks to hold the Foundation accountable for its breach of contract.

8        6.    AAHI's mission is focused on research and development in the field of infectious

9    diseases and cancers and cost-effective immune-stimulating technologies, including vaccines and

10   immunotherapies, for such diseases, with a particular emphasis on innovating platforms and

11   products that can be made equitably accessible to underserved populations around the world.

12       7.    Under the leadership of its CEO, Dr. Corey Casper—a Clinical Professor of

13   Medicine and Global Health at the University of Washington and an Affiliate Professor in the

14   Vaccine and Infectious Disease Division at the Fred Hutchinson Cancer Research Center—

15   AAHI's team of researchers has developed innovative formulations, processes, and products,

16   including an innovative RNA vaccine platform.  AAHI maintains a broad portfolio of intellectual

17   property rights protecting its inventions, including numerous domestic and international patents

18   and patent applications. AAHI's research and development—which serve as the foundation for a

19   robust pipeline of potential products and applications for treating a broad range of infectious

20   diseases and cancers—has enabled it to garner millions of dollars in annual public and private

21   grant funding and secure valuable long-term license agreements that support research initiatives.

22   AAHI is an important partner to vaccine developers around the world, who rely on AAHI's

23   immune-stimulating adjuvant and other formulations (eg, formulations used to deliver RNA) as an

24   essential component of their vaccines. These partners including the US Government, with which

25   AAHI is collaborating on expedited development of a critical vaccine against avian influenza,

26   which poses an urgent pandemic threat.

27

VERIFIED COMPLAINT - 3

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

8.      In March 2022, AAHI emerged from a receivership resulting from financial struggles under prior management (and changed its name from the Infectious Disease Research Institute ("IDRI"), in large part because Dr. Soon-Shiong and entities affiliated with him had agreed to supported AAHI's research through a series of contracts reached with AAHI and the Receiver appointed by King County Superior Court. Those contracts include: (a) the Grant Agreement (**Exhibit 1**) between AAHI and the Foundation, which called for $26 million in payments over three years for the support of AAHI's Seattle operations; (b) the Sponsored Research Agreement between AAHI and ImmunityBio, under which AAHI receives annual payments, over a three year term, to support its research efforts; and (c) the License Agreement between AAHI and ImmunityBio, under which ImmunityBio makes annual payments to license intellectual property relating to AAHI's RNA Vaccine Platform. ImmunityBio has publicly disclosed in its securities filings that the Sponsored Research Agreement requires at least $2 million in annual payments and that the License Agreement requires it to pay an annual $5.5 million license maintenance fee (subject to a right to terminate the agreement early upon paying a one-time $10 million termination fee).

9.      In recognition of both his substantial support of AAHI and his extensive experience and qualifications relating to AAHI's research and product development mission, Dr. Soon-Shiong was made the Chair of AAHI's Board of Directors. Upon confirming his $26 million commitment to support AAHI's research initiatives, Dr. Soon-Shiong proclaimed that "AAHI has developed next-generation technology that through various approaches, including a mix-and-match vaccine regimen, can trigger all lines of immunological defense and reach all areas of the world, including low resource areas." https://www.aahi.org/press-release/aahi-receives-26-million-donation-from-the-chan-soon-shiong-family-foundation-to-further-develop-immune-enhancing-platform-technology.

10.     Despite his contractual commitment to support AAHI's research and product development, Dr. Soon-Shiong has sought to force AAHI to reallocate a substantial portion of its resources to support other activities that are outside AAHI's mission, expertise, and skills.

VERIFIED COMPLAINT - 4

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

Specifically, Dr. Soon-Shiong seeks to require AAHI to transfer millions of dollars to unrelated institutions in South Africa, to support medical doctors in South Africa (where Dr. Soon-Shiong was born and, on information and belief, maintains dual citizenship) and, although this has been unclear, perhaps Botswana. AAHI management and its independent directors have repeatedly sought clarity on the parameters of Dr. Soon-Shiong's frequently shifting requests and to reach a compromise under which AAHI would devote millions of dollars towards supporting oncology programs in Southern Africa in a manner consistent with its mission and fiscal obligations, but Dr. Soon-Shiong was not satisfied. Ultimately, Dr. Soon-Shiong caused the Foundation to default on its $8 million payment obligation due in March 2024, thereby imperiling AAHI's ability to meet its board-approved budget for the year. Thereafter, ImmunityBio, which was already in arrears with respect to its $2 million payment obligation under the Sponsored Research Agreement, defaulted on its $5.5 million payment obligation under the License Agreement. ImmunityBio has also repudiated any further payment obligation under the License Agreement—which, under the License Agreement, triggers a $10 million termination fee.[1]

11.     Most recently, Dr. Soon-Shiong has refused to recuse himself from AAHI board decision making with respect to the enforcement of the Grant Agreement and refused to recognize the appointment of additional independent directors to serve on AAHI's board. Instead, Dr. Soon-Shiong is seeking to exert control over the board to thwart AAHI's efforts to recoup the many millions of dollars its owed under its contracts with Dr. Soon-Shiong's affiliated entities, the Foundation and ImmunityBio, which are essential to AAHI's sustainability. Dr. Soon-Shiong simultaneously seeks to force AAHI to funnel existing funds paid under the Grant Agreement to organizations in South Africa based on the separate commitments he had personally made to such organizations rather than any independent assessment by AAHI and its board as to whether these initiatives were consistent with its organizational mission and objectives. In effect, Dr. Soon-Shiong is seeking to direct AAHI to divert its resources and jeopardize its ability to provide the

---

[1] AAHI's agreements with ImmunityBio call for alternative dispute resolution, and AAHI hopes to pursue its rights under those agreements in accordance with the agreed-upon dispute resolution process.

VERIFIED COMPLAINT - 5

public benefit for which it is incorporated as a nonprofit institution to satisfy his separate obligations. And he is doing so while continuing to profess that he is acting as a fiduciary who is duty-bound to act in the best interests of AAHI. Dr. Soon-Shiong's ability to function as an AAHI director and fulfill his duties to the organization are, in fact, completely compromised by his conflicts of interest.

12.     Dr. Soon-Shiong maintains that there somehow is no conflict of interest in his participating in AAHI Board decision making relating to the enforcement of AAHI's contract with the Foundation, and that he is not required to recognize the newly appointed AAHI directors. As a result, there is a current dispute regarding the composition of the AAHI board and the authority of Dr. Soon-Shiong and other AAHI directors that is impeding the Board's ability to function and imperiling the organization's viability.

13.     If Dr. Soon-Shiong would rather focus his energy on training medical personnel in South Africa than on AAHI's mission, he is free to resign from the AAHI board and to make whatever direct contributions he wants to make to organizations in that country—but he still must ensure that the Foundation satisfies its $8 million payment obligation for 2024. Alternatively, if Dr. Soon-Shiong wants to remain on the AAHI board, and to work with AAHI's other directors and management to develop programs through which AAHI could direct additional resources towards supporting healthcare initiatives in Africa, he must recuse himself from all board decision making with respect to AAHI's contracts with the Foundation and ImmunityBio. But Dr. Soon-Shiong's fiduciary obligations to AAHI prevent him from continuing to participate in board decision making and interfering with AAHI management's ability to protect and preserve its rights under those contracts.

14.     Under the Washington Non-Profit Corporation Act, a Court may review corporate actions to determine their validity and make such orders as may be just and proper to ensure that corporate actions occur only in accordance with the requirements of the law. RCW 24.03A.966 Through this action, AAHI seeks injunctive and declaratory relief that would allow it to avoid irreparable harm by ensuring that it is governed by the independent board required by its by-laws

VERIFIED COMPLAINT - 6

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

and preventing Dr. Soon-Shiong from pursuing corporate actions that are fundamentally inconsistent with his fiduciary duties to AAHI and the best interests of AAHI. AAHI also seeks to recover the remaining $8 million AAHI is owed under the Grant Agreement.

## II.    PARTIES

15.    Plaintiff AAHI is a Washington non-profit organization with its principal place of business in Seattle, Washington.

16.    Defendant Dr. Patrick Soon-Shiong is an individual who a citizen and resident of California. On information and belief, Dr. Soon-Shiong holds dual citizenship with the United States and South Africa. Since immigrating to the United States after pursuing his education in South Africa and Canada, Dr. Soon-Shiong has enjoyed a long and distinguished career in various medical and business endeavors—including as the inventor of the cancer drug Abraxane, as a professor at various universities, as a transplant surgeon, as a medical researcher, and as a founder and investor in various companies, and as the owner and executive chairman of the *Los Angeles Times* and a minority owner of the Los Angeles Lakers. He is widely reported to be a multi-billionaire.

17.    Defendant Chan Soon-Shiong Family Foundation is a Delaware nonstock corporation and private charitable foundation with its principal place of business in California.

## III.    JURISDICTION, VENUE AND STANDING

18.    This matter is within this Court's diversity jurisdiction under 28 U.S.C. § 1332 because AAHI is a citizen of Washington, the defendants are citizen of States other than Washington, and the amount in controversy exceeds $75,000.

19.    The court has personal jurisdiction over Dr. Soon-Shiong and his Family Foundation because Dr. Soon-Shiong serves on the board of directors of AAHI, a Washington non-profit corporation located in Washington, and he has regularly participated in meetings of AAHI's board of directors, and in doing so has acknowledged that he acts on behalf of the Foundation. Dr. Soon-Shiong's family Foundation, for which Dr. Soon-Shiong serves as the Chairman, entered an Amended and Restated Memorandum of Understanding whereby it agreed

VERIFIED COMPLAINT - 7

1   to enter into the Grant Agreement and thereby enable AAHI to emerge from receivership in King

2   County, Washington; contracted to deliver $26 million over three years to AAHI in Washington;

3   and has regularly transacted and communicated with AAHI representatives with respect to the

4   Grant Agreement and the payments required thereunder. Both Dr. Soon-Shiong and the

5   Foundation have substantial contacts with Washington.

6          20.     Venue is proper in this District because AAHI's principal place of business is in

7   this District, because many of the events at issue in this case took place in this District, because

8   many of the likely witnesses (including AAHI's employees) reside in this District, and because

9   much of the evidence (including AAHI's business records), is located in this District.

10         21.     Under the Washington Non-Profit Corporation Act, RCW 24.03A.966, directors

11  and officers whose rights and duties may be affected by corporate action, or their delegates, may

12  petition for a judicial determination of the validity of that action, and the Court may make such

13  orders as are just and proper with respect to the validity of the challenged corporate action. AAHI's

14  President and CEO and director, Dr. Corey Casper; its independent director Dr. Edward Mocarski,

15  an Emeritus Professor of Microbiology & Immunology at the Emory University School of

16  Medicine and former Professor of Microbiology & Immunology and Associate Dean of Research

17  at Stanford University;  and its General Counsel and Chief Strategy Officer, Candice Decaire, have

18  authorized the filing of this action in their capacities as AAHI directors and officers and delegated

19  to the undersigned counsel the authority to bring it to determine the invalidity of corporate actions

20  that Dr. Soon-Shiong has purported to undertake, the duty of Dr. Soon-Shiong to recuse himself

21  from matters in which he has a conflict of interest, and the rights of appointed independent

22  directors of AAHI to participate in board decision making notwithstanding Dr. Soon-Shiong's

23  efforts to exclude them.

24

25

26

27

VERIFIED COMPLAINT - 8

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

## IV.    FACTUAL ALLEGATIONS

### A.    *AAHI's History, its Research and Development Mission, and its Emergence from Receivership in 2022*

22.    AAHI is a Seattle-based non-profit biotech research institute focused on creating sustainable, cost-effective, and practically accessible immunotherapies.

23.    Until March 2022, AAHI was known as the Infectious Disease Research Institute ("IDRI"). IDRI was founded in 1993. With funding support from the Bill & Melinda Gates Foundation, in collaboration with the federal government, and under the leadership of prior management, IDRI focused on the research and development of vaccines designed to treat tuberculosis, malaria, and other infectious diseases that had not received funding and attention proportionate to their severe impacts on human health throughout the world.

24.    Despite promising results from its long-term research initiatives, IDRI struggled financially under the leadership of prior management. In January 2020, IDRI voluntarily entered a court-administered receivership, and Shelly Crocker LLC was appointed as the receiver by the King County Superior Court.

25.    The Receiver worked with AAHI's current management team, including its President CEO (and also a member of its board of directors), Dr. Corey Casper, its Chief Strategy Officer & General Counsel Candice Decaire, and its Chief Financial and Operations Officer, Jerry Kuo, to establish a strategy that would allow the organization to satisfy its prior creditors and obtain relief from outstanding debts, secure long-term funding, emerge from receivership, and develop a long-term plan to ensure the organization's viability and continuation of its innovative science and broad range of research initiatives.

26.    In 2021, while AAHI was in receivership the Receiver learned that Dr. Soon-Shiong was potentially interested in AAHI's vaccine technology. At the time, AAHI management and the Receiver were considering various alternative strategies for emerging from receivership, including a merger with another entity or the identification of one or more financial sponsors. Dr. Soon-Shiong's interest in funding AAHI and working together with AAHI management on its

VERIFIED COMPLAINT - 9

research and development initiatives was attractive for various reasons, including the fact that Dr. Soon-Shiong and Dr. Casper shared an interest in making vaccines and cancer treatments more accessible and affordable throughout the world, including in sub-Saharan Africa.

27.     The discussions between the Receiver, Dr. Soon-Shiong, and Dr. Casper in 2021 led to an initial Binding Memorandum of Understanding dated May 14, 2021, which was superseded by an Amended and Restated Memorandum of Understanding ("MOU") dated January 7, 2022. In the MOU (a copy of which is attached as **Exhibit 2**), which was signed by the Receiver, Dr. Soon-Shiong, and Dr. Casper, the parties confirmed their intent to enter "Definitive Agreements" governing the Foundation's commitment to provide AAHI with $26 million in funding over three years. The MOU also described the plans for the organization to change its name to AAHI, to adopt new by-laws, to appoint a new board of directors, and to seek an order approving the discharge of the Receiver and emergence from Receivership. In the MOU, the parties stated that they intended for AAHI to "be part of a cooperative ecosystem of Foundation-funded or other entities, including at least [AAHI] and one or more South African Foundation-funded or other entities, focused on pandemic preparedness and rapid response (herein, the "Pandemic Preparedness Alliance") and a Global Cancer Initiative." MOU ¶ 10. The MOU contemplated that a "joint steering committee" under the leadership of Dr. Soon-Shiong and Dr. Casper would develop the plans for those initiatives. *Id.* The MOU did not specify any particular amount of AAHI funds, including the AAHI funds to be paid by the Foundation pursuant to the Grant Agreement, which would be devoted to initiatives in South Africa, or the timing for pursuing any such initiatives.

28.     Dr. Soon-Shiong invited Dr. Casper to join him at a January 2022 event in Cape Town, South Africa, at which Dr. Soon-Shiong presented the concept of what he described as the "AAAH Coalition"—also referred to, in various media materials, as "Africa's Access to Advanced Healthcare Coalition" or the "Coalition to Accelerate Africa's Access to Advanced Healthcare." In his presentation and the accompanying materials put together by his media relations team, Dr. Soon-Shiong described a concept under which AAHI would be part of a network of sibling

VERIFIED COMPLAINT - 10

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

healthcare institutes in South Africa, Botswana, Ghana, Kenya, and Uganda. AAHI always understood that outside funding for these institutes would be provided by Dr. Soon-Shiong or the Foundation, not AAHI. While AAHI was intrigued by the long-term prospect of collaborating with the proposed network of related institutions described by Dr. Soon-Shiong, it had neither the funding nor the personnel or skillset to support and monitor the operations of entities in other countries, and Dr. Soon-Shiong did not thereafter advance any plans for how this network of institutions might be established.

29.     In February 2022, after the parties had finalized the terms of the contracts under which Dr. Soon-Shiong and his affiliated entities would provide financial support to AAHI, the Receiver submitted a Final Report to the King County Superior Court seeking, *inter alia*, the termination of the receivership, the appointment of AAHI's new board of directors, and the adoption of AAHI's current by-laws. In support, the Receiver noted that IDRI had "conduct[ed] successful outreach to long term strategic partners, culminating in significant new licenses with Amyris, ImmunityBio, and Janssen which will provide revenue streams for years to come, and that "IDRI has also secured a funding arrangement for the future with the Chan Soon-Shiong Family Foundation, which has pledged $26 million in funding over the first three years after IDRI's exist from receivership." Receiver's Final Report at 2. The Receiver further noted "that with the right pieces in place, IDRI could pay its debts and chart a new path outside Receivership." *Id*. at 6. Finally, the Receiver concluded that "IDRI will be positioned and capitalized, to continue its mission of working to research and create vaccines and therapies for infectious diseases, to benefit people across the globe." *Id*.

30.     In March 2022, AAHI announced that it had exited receivership and resumed operations under its current name. In conjunction with its emergence from receivership AAHI adopted its Amended and Restated By-Laws (**Exhibit 3**). The By-Laws call for a board of directors consisting of at least seven directors and require at least five independent directors.

31.     Since emerging from receivership, AAHI has collaborated with various partners, including industry, non-governmental organization, academic, and governmental partners, to

VERIFIED COMPLAINT - 11

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

pursue the development of affordable and effective vaccines and immunotherapies to prevent and treat infectious diseases and cancers. By the end of 2023, thirty-eight vaccine candidates based on AAHI's platform technology had advanced to early-stage clinical trials and thirteen vaccines based on AAHI's platform technology were being tested in active clinical trials. Research conducted by AAHI's team of scientists was published in peer-reviewed journals, and their innovations resulted in the award of new patents recognizing their inventions and protecting its intellectual property rights. AAHI's cutting edge science and product development enabled it to obtain millions of dollars in new grants and contracts with partners in the federal government, and to secure new license agreements with industry partners, including ImmunityBio and 3M. From an operational standpoint, AAHI was—and remains—well-positioned to play a vital role in developing and implementing solutions to many of the world's most pressing healthcare problems.

### B.    AAHI's Contracts with the Foundation and ImmunityBio

32.    When AAHI emerged from receivership it appeared that Dr. Soon-Shiong and entities affiliated with him would play a critical role in the development and implementation of vaccines and treatments based on AAHI's technology. Through a series of contracts, those entities committed to support AAHI with millions of dollars in annual funding to support AAHI's research and development mission. Those contracts include: (a) the Grant Agreement between AAHI and the Foundation, which called for $26 million in payments over three years; (b) the Sponsored Research Agreement between AAHI and ImmunityBio, under which AAHI receives was to receive at least $2 million per year to support its research efforts; and (c) the License Agreement between AAHI and ImmunityBio, under which ImmunityBio was to pay $5.5 million per year to license intellectual property relating to AAHI's RNA Vaccine Platform.

33.    The Grant Agreement (Exhibit 1) was executed on January 7, 2022, by Dr. Soon-Shiong, on behalf of the Foundation, by the Court-appointed Receiver, and by Dr. Casper, AAHI's CEO. In the Grant Agreement, "Each Party agrees that the other shall have full contractual and equitable standing to enforce the terms of the Agreement to the fullest extent permitted by the laws of the State of California." Grant Agreement ¶ 8.5. (The Grant Agreement is governed by

VERIFIED COMPLAINT - 12

California law, but it does not contain any forum selection clause or dispute resolution mechanism that would limit AAHI's ability to enforce it in this Court).

34.     Under the Grant Agreement, the Foundation made a "Multi-Year Grant Commitment" to pay AAHI $26 million between 2022 and 2024. *Id*. ¶¶ 1.1-1.2 The first two $9 million installments were to be paid in March 2022 (ten business days after the discharge of the receivership, adoption of AAHI's new by-laws, and appointment of AAHI's board) and March 2023, and a third $8 million installment was due in March 2024. Id. The Grant Agreement specified that AAHI was to "use the funding provided by this Agreement primarily to support active research development in the field of infectious diseases and cancers . . .." *Id*. ¶ 2.1. The Grant Agreement is an integrated contract, providing that it represented the Parties' "entire agreement" and "supersede[d] all prior communications and understandings." *Id*. ¶ 8.9. Nothing in the Grant Agreement requires the use of any portion of the required funds for projects in Africa.

35.     AAHI's agreements with ImmunityBio are likewise fully integrated long-term contracts. Those agreements are governed by Washington law. In the event of any dispute, they call for pre-litigation mediation followed by arbitration if the mediation is unsuccessful. Although the agreements state that their financial terms are confidential, ImmunityBio has disclosed them publicly in its securities filings, and AAHI has no objection to its having done so. The Sponsored Research Agreement calls for ImmunityBio to pay AAHI at least $2 million per year for three years to support its research, and the License Agreement requires ImmunityBio to pay AAHI a $5.5 million annual license maintenance fee each year through 2030. ImmunityBio has a right to terminate the License Agreement, subject to a one-time $10 million termination fee.

36.     AAHI's agreements with the Foundation and ImmunityBio account for a substantial portion of its operating budget, but AAHI also receives significant funding from other sources, including, most prominently, the federal government. Those sources include grants from governmental entities such as NIH, BARDA, and the Department of Defense, as well as other funders and licensees. Much of AAHI's funding depends on its continuing to pursue vaccine and

VERIFIED COMPLAINT - 13

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1  immunotherapy research and development work in accordance with its mission. If AAHI instead

2  diverted resources to other purposes, it would jeopardize much of its funding.

3       ***C.       The Parties' Discussion of Using AAHI Resources to Fund Healthcare***

4            ***Initiatives in Africa***

5       37.     Both before and since his affiliated entities entered into their contracts with AAHI,

6  and since joining the AAHI board as its Chair in 2022, Dr. Soon-Shiong has expressed a desire for

7  AAHI to support various medical initiatives in Africa. Because AAHI's mission includes

8  developing affordable and accessible vaccines and cancer treatments, and because of acute

9  healthcare demands in Africa, AAHI shares an interest in developing applications for its work in

10  Africa. AAHI management has repeatedly sought to work with Dr. Soon-Shiong to identify

11  appropriate projects in Africa that are consistent with its mission.

12       38.     Even in the absence of an agreed plan with Dr. Soon-Shiong or the AAHI Board of

13  Directors, AAHI has been active in advancing equitably accessible vaccines and cancer therapies

14  for sub-Saharan Africa. AAHI has supported researchers at the University of Cape Town in

15  advancing new vaccines for tuberculosis, using AAHI's novel vaccine formulation and innovative

16  processes for creating an inhalable form of the vaccine. AAHI has supported a group of researchers

17  in sub-Saharan Africa who are committed to advancing new vaccines for Africa (the

18  "BRILLIANT" Coalition) by providing its novel formulations for use in effective, affordable and

19  administerable vaccines. AAHI has expanded its relationship with its partner and licensee Afrigen

20  Biologics and Vaccine, based in Capetown, South Africa, to develop and expand manufacturing

21  and availability of vaccines in subs-Saharan Africa. AAHI's CEO and director Dr. Casper

22  continues to conduct research on the prevention, early detection, and treatment of cervical cancer

23  in Uganda and has advised the governments of Uganda and Botswana on resource-appropriate

24  approaches to cancer in sub-Saharan Africa.

25       39.     At AAHI's 2023 Annual Meeting, which was held in September 2023 and attended

26  by Dr Soon-Shiong via Zoom, Dr. Soon-Shiong requested that AAHI devote the entirety of the

27  Foundation's $9 million payment for 2023 towards training doctors in South Africa and Botswana

VERIFIED COMPLAINT - 14                    S U S M A N   G O D F R E Y   L . L . P .
                                            401 Union Street, Suite 3000
                                            Seattle, WA 98101
                                            Tel:(206) 516-3880; Fax: (206) 516-3883

to staff cancer treatment centers. The request was impracticable for various reasons, including financial feasibility, given that AAHI's 2023 budget had been completed and approved by the board and did now contemplate this additional expenditure. After submitting the request Dr. Soon-Shiong recused himself from any vote on the request. The board ultimately tabled the request for further consideration and discussion.

40.      Thereafter Dr. Casper and members of AAHI's board continued to explore pursuing projects in Africa, including South Africa. On November 6, 2023, Dr. Casper, Ms. Decaire, and AAHI board members Dr. Glenda Gray and Dr. David Kerr spoke with Dr. Soon-Shiong and agreed that Dr. Casper would work with Dr. Kerr and Dr. Gray to formulate a plan for supporting cancer research in sub-Saharan Africa. During that call Dr. Soon-Shiong acknowledged that training physicians was beyond the scope of AAHI's activities and capabilities, and that he already supported training doctors in South Africa through grants to the South African Medical Research Council ("SAMRC"), of which, at that time, AAHI director Dr. Glenda Gray was the Director.

41.      At its December 2023 board meeting, which Dr. Soon-Shiong did not attend, the AAHI board of directors approved a resolution under which AAHI management was directed to take steps towards establishing a formal collaboration with SAMRC to improve cancer diagnosis and care and establish clinical trials in South Africa. AAHI management remains interested in pursuing that initiative, and allocated funds in its 2024 budget towards doing so, but Dr. Soon-Shiong has since again pivoted towards other plans.

42.      On February 16, 2024, Dr. Soon-Shiong forwarded to AAHI management two grant applications from organizations in South Africa. The applications were initially directed to the Chan Soon-Shiong Foundation, not AAHI. One sought $9 million over three years to support training posts for medical officers and fellows at the Wits University Donald Gordon Medical Institute ("DGMI"). The other sought an initial $350,000 plus annual payments of $120,000 per year to fund DGMI's urology treatment center in Johannesburg.

43.      On February 21, 2024, Dr. Soon-Shiong provided AAHI's General Counsel, Ms. Decaire, with draft resolutions for the board to approve slightly modified versions of the funding

VERIFIED COMPLAINT - 15

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

proposals he had forwarded on February 16, 2024, as well as a resolution under which the board would agree that, "[t]o the extent that [any AAHI director] have already taken action" with respect to the funding requests, "their actions in this regard [would] be and are hereby ratified." The draft resolutions apparently were drafted by a South African law firm representing Dr. Soon-Shiong, Webber Wentzel. In forwarding the proposed resolutions, Dr. Soon-Shiong also copied in-house lawyers from ImmunityBio, NantWorks (the holding company for another group of companies controlled by Dr. Soon-Shiong), and the Foundation. Through these requested resolutions Dr. Soon-Shiong was asking AAHI to fund grant requests that were initially directed to the Foundation, and to use AAHI resources to fund initiatives in South Africa that Dr. Soon-Shiong favored instead of AAHI's own research and development mission.

44.     On information and belief, one or more of the AAHI directors are affiliated with entities that would benefit from the South Africa grant applications, or have business relationships with Dr. Soon-Shiong that may impede their ability to put AAHI's best interests above other considerations. However, no director ever recused themselves from AAHI board decision making with respect to the grant applications.

45.     At AAHI's February 27, 2024, board meeting, after discussion of the previously proposed resolutions, Dr. Soon-Shiong pushed through a new resolution under which AAHI would provide up to $3 million per year in funding "for training of specialists and sub-specialists in Southern Africa in the field of cancer," with distribution and management of the funds to be administered by the SAMRC. Dr. Casper and independent AAHI director Edward Mocarski, Ph.D., as well as from AAHI Chief Strategy Officer and General Counsel Candice Decaire, raised concerns about whether the proposed grant was consistent with AAHI's research mission and whether there had been adequate consideration of conflicts of interest involving Dr. Soon-Shiong and potentially other board members. The Chair of the Finance Committee of AAHI's Board made a presentation of the effect on AAHI's budget of allocating $3 million in annual grants to fund clinicians in Africa, and concluded that, with the $8 million AAHI was scheduled to receive from the Foundation in March, AAHI could both fund the requested grants and maintain its planned

VERIFIED COMPLAINT - 16

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

operations. AAHI's Chief Financial and Operating Officer noted that, without that $8 million, funding the $3 million in annual grants to South Africa would leave AAHI, absent the generation of additional funding, with no excess cash by 2026. Dr. Soon-Shiong participated in the discussion of his proposed resolution and voted in favor of it. Five directors, including Dr. Soon-Shiong, voted for the proposed resolution; Dr. Casper and Dr. Mocarski voting against it.

46.    Two weeks later, on March 15, 2024, AAHI's board held a special meeting that had previously been scheduled for voting on Dr. Soon-Shiong's proposed resolution, after the directors had been able to consider whether it was in AAHI's best interests to transfer such large amounts of money to fund third-party programs outside AAHI's current mission. (Instead, Dr. Soon-Shiong had pushed the proposed resolution to a vote during the February meeting.)  At the March meeting, Dr. Soon-Shiong asserted that the prior funding resolution he submitted was not a request from him or the Foundation, but that he instead was merely a "messenger for independent requests from South Africa." He further stated that board member Dr. Gray, working together with Dr. Soon-Shiong's South African lawyer, Robert Appelbaum at Webber Wentzel, would establish an "independent committee" that would direct the distribution of the funds authorized by the resolution passed at the February board meeting. When Ms. Decaire again pushed for board members to make conflict of interest disclosures and stressed the importance of addressing any conflicts of interest with respect to the resolutions, Dr. Soon-Shiong claimed that he could not possibly be conflicted. Dr. Soon-Shiong also expressed disappointment that AAHI management had sought advice from outside counsel regarding conflict of interest and fiduciary duty issues, proclaiming that "management serves at the pleasure of the Board, not the other way around."

47.    AAHI's next board meeting was held on June 3, 2024. At that meeting Dr. Soon-Shiong first claimed that he had always intended for the entirety of the second and third installment payments required by the Grant Agreement to be used to fund projects in Africa, notwithstanding the fact that the Grant Agreement itself says no such thing. Thereafter Dr. Casper presented a proposal for proceeding with the plan adopted through the February board resolution, under which AAHI would proceed with initiatives to address cancer burdens in Southern Africa by committing

VERIFIED COMPLAINT - 17

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1  up to $3 million per year. Dr. Casper's plan was unanimously approved by the attending members

2  of the board. The board thereafter also agreed to form a subcommittee to address the

3  implementation of the Africa cancer funding initiative presented by Dr. Casper, including the

4  logistical, governance, and legal issues that would need to be addressed to implement the initiative.

5        48.    After the board's discussion of the plan presented by Dr. Casper, the then Chair of

6  the AAHI board's Governance Committee, Dr. David Kerr (who subsequently resigned from the

7  board), proposed that the board address the candidacies of several additional independent board

8  members, including Ann Kwong, Ph.D., and Julie Cherrington, Ph.D, the curriculum vitae for

9  whom had already been discussed and circulated for the board's review. The board members who

10 remained at the meeting unanimously approved extending invitations to join the board to four new

11 candidates who had been recommended by the Governance Committee and discussed in past board

12 meetings and correspondence. Dr. Kwong and Dr. Cherrington subsequently accepted their

13 invitations and joined the board. Although Dr. Soon-Shiong was present when Dr. Kerr proposed

14 that the board address the matter of new independent board members, he thereafter left the meeting

15 due to another commitment, so did not participate in the discussion or vote on the appointment of

16 the new independent board members.

17       49.    On June 17, 2024, Dr. Soon-Shiong's South African lawyer, Robert Appelbaum,

18 informed Ms. Decaire by email that he had been "asked to represent the independent members of

19 the board," and indicated that Dr. Soon-Shiong would be proposing a meeting between himself,

20 Mr. Appelbaum, Dr. Casper, Ms. Decaire "in the next day or so." Dr. Soon-Shiong never sought

21 to arrange that meeting. However, Ms. Decaire subsequently spoke with Mr. Appelbaum.  During

22 that conversation Mr. Appelbaum claimed to represent all of the members of the board other than

23 Mr. Mocarski and Dr. Casper, and agreed with Ms. Decaire that the parties should seek to reach

24 an amicable resolution of any remaining dispute concerning AAHI's use of the funds granted to

25 AAHI under the Foundation's Grant Agreement or the distribution of the $3 million for cancer

26 research in South Africa authorized by the board. Ms. Decaire subsequently attempted to arrange

27

VERIFIED COMPLAINT - 18

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

a follow-up call with Mr. Appelbaum but was unsuccessful in doing so and the two have not spoken since.

50.     On June 17, 2024, Ms. Decaire also circulated draft minutes for the June 3, 2024, board meeting, as well as for the December 2023 and February and March 2024 meetings. Dr. Soon-Shiong responded by claiming the June minutes were "incomplete" because they did not reflect an agreement that the $3 million in funding would be transferred to South Africa "immediately." There was never any agreement to transfer those funds "immediately." Dr. Soon-Shiong had not by that time—and still has not—made the $8 million Grant Agreement payment for 2024 that was, according to the 2024 budget and plan the board adopted at its December 2023 meeting, to be used in part to fund the agreed South African cancer initiative. Moreover, there has not been any agreement upon the precise transferees for the grant or how AAHI would be able to ensure that the funds are used for their intended purposes. While AAHI management supports using $3 million from its 2024 budget to support cancer initiatives in South Africa, as approved at the February 2024 board meeting, AAHI cannot responsibly transfer those funds until the Foundation fulfills its payment obligation, the transferees are agreed upon, and AAHI is able to work together with the transferees to adopt measures to ensure the funds are disbursed in a manner consistent with the agreed-upon purpose of addressing cancer in South Africa.

51.     Dr. Soon-Shiong and his South African lawyer, Mr. Appelbaum, have continued to press AAHI to transfer $3 million in South Africa, but neither has provided information needed to enable AAHI to ensure that the funds would be used for their intended purpose. On June 25, 2024, Dr. Soon-Shiong asked AAHI to immediately transfer the funds to Mr. Appelbaum but provided no further information about how the funds would be distributed following any such transfer. Thereafter, on June 30, 2024, Mr. Appelbaum requested a transfer of the funds to an account held by a Wits University Foundation in South Africa, and indicated that the funds would then be allocated among various hospitals and clinics in Africa, with AAHI board member Dr. Glenda Gray serving on an "oversight panel" that would select the professionals who would receive funds for training. Indeed, based on recent correspondence to the AAHI board it appears that Dr. Soon-

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

12640808v1/018343

Shiong or one of his representatives had already promised—without authorization of the AAHI board or organization—to Dr. Sue Tager, CEO of the Wits Donald Gordon Medical Center, that AAHI would send $3 million this year and for each of the next two years "for training of doctors."

### D. The Foundation's Failure to Fulfill its Payment Obligation Under the Grant Agreement

52. By the end of June 2024, the $8 million payment from the Foundation owed under the Grant Agreement was four months past due. IBRX had also failed to make both the $5.5 million payment for 2024 owed under the License Agreement and the $2 million payment for 2024 owed under the Sponsored Research Agreement. And Dr. Soon-Shiong had not provided any information that would allow AAHI to validate how the $3 million would be used following any transfer to South Africa or to ensure that it was used for the cancer-related purposes approved by the AAHI board in February 2024. Accordingly, AAHI management decided that it would not authorize the requested transfer of funds to South Africa unless and until those issues could be resolved.

53. Since March 2024, when the Foundation's $8 million payment was due, AAHI has repeatedly inquired as to the status of the payment. Dr. Soon-Shiong and others affiliated with the Foundation have, at various times, declined to respond at all, asserted that the payment was somehow conditional on AAHI agreeing to reallocate the funds to South Africa as directed by Dr. Soon-Shiong, or declined to confirm any intention to ever make the required payment. In a July 25, 2024, letter to Dr. Soon-Shiong and Charles Kenworthy, the Executive Vice President of the Foundation, Ms. Decaire again inquired as to the status of the $8 million payment required by the Grant Agreement and noted that AAHI would need to explore legal options if the payment was not delivered by the end of the month. Dr. Soon-Shiong responded to that letter by asking for copies of the Grant Agreement and a prior Memorandum of Understanding between the parties, and asked that John Quinn, a partner in the Quinn Emanuel Urquhart & Sullivan litigation firm, to be copied on the responsive correspondence. Thereafter Mr. Kenworthy requested that AAHI implement a litigation hold with respect to documents relating to AAHI, the Grant Agreement, and

VERIFIED COMPLAINT - 20

the Foundation. None of this suggested that the $8 million payment was forthcoming, and indeed the Foundation still has not made the required payment.

**E.    Dr. Soon-Shiong's Ongoing Efforts to Thwart the Foundation's Payment Obligations and Undermine the Independence of AAHI's Board**

54.    Since failing to ensure that the Foundation fulfilled its payment obligation in March 2024, Dr. Soon-Shiong has, inexplicably, continued to assert his right to participate in board decision making with respect to the Grant Agreement notwithstanding his financial interest in the transaction and direct conflict of interest.

55.    In addition to failing to ensure the $8 million payment was made—which, in accordance with his fiduciary duty of loyalty as an AAHI director he should have done—and disavowing any obligation to make it Dr. Soon-Shiong has interfered with AAHI's ability to protect its interest and enforce its rights under the Grant Agreement.

56.    Although Dr. Soon-Shiong acknowledged the "2 new Board members" in correspondence of August 5, seeking to schedule a special meeting to discuss "fiduciary duties to the organization and to its mission . . . [and] the management of the organization, who serve at the pleasure of the board and the furtherance of its mission," Dr. Soon-Shiong has subsequently taken the position that their appointments were invalid. Dr. Soon-Shiong has since excluded Dr. Kwong and Dr. Cherrington from purported board meetings and board decision making. Without the participation of Dr. Kwong and Dr. Cherrington AAHI does not have the five independent directors required by its by-laws.

57.    Dr. Soon-Shiong has also retained various lawyers who he has represented are acting on behalf of the board, even though those lawyers in fact represent Dr. Soon-Shiong and affiliated entities. Over the past several weeks Dr. Soon-Shiong has represented that Mr. Appelbaum, his personal South African lawyer at Webber Wentzel, and a transactional partner from the San Diego office of Wilson Sonsini (a firm that, on information and belief, has represented Dr. Soon-Shiong and affiliated entities in various transactional and litigation matters, including the defense of claims for alleged breaches of fiduciary duty), have been retained to advise

VERIFIED COMPLAINT - 21

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

12640808v1/018343

the AAHI board on fiduciary duties and issues pertaining to the Grant Agreement. The AAHI board, however, has not in fact taken any action to retain either lawyer or had any opportunity to assess conflicts of interest that may impact any decision to do so. At the same time, Dr. Soon-Shiong has informed AAHI that he has retained Quinn Emanuel Urquhart & Sullivan, a firm devoted exclusively to litigation, to represent him and the Foundation in connection with the Grant Agreement and the Foundation's Executive Vice President has sent a litigation hold to AAHI.

58.     Dr. Soon-Shiong's retention of litigation counsel abundantly confirms his conflict of interest with AAHI and the need to recuse himself from all board decision making. Yet Dr. Soon-Shiong has continued to call purported board meetings and "executive sessions" of subsets of the board and has purported to communicate with AAHI management on issues pertaining to the Grant Agreement in his capacity as the chair of the AAHI board.

59.     In addition to the ongoing dispute with Dr. Soon-Shiong regarding the Foundation's obligations under the Grant Agreement AAHI is currently involved in a separate dispute with Dr. Soon-Shiong's affiliated company, ImmunityBio, regarding the License Agreement and the Sponsored Research Agreement and ImmunityBio's failure to fulfill its payment obligations under those agreements. Dr. Soon-Shiong is a controlling shareholder of ImmunityBio and serves as its Executive Chairman and Chief Global Scientific and Medical Officer. Dr. Soon-Shiong has acknowledged that he is required to recuse himself from AAHI board decision making with respect to the ImmunityBio contracts due to his conflict of interest. However, by excluding AAHI's new independent directors, Dr. Kwong and Dr. Cherrington, from participating in AAHI board meetings, by holding meetings without appropriate notice or the required waiver of the notice requirement, and by seeking through misrepresentation of the Foundation's Grant Agreement with AAHI to require AAHI to transfer millions of dollars to third parties without regard for AAHI's financial sustainability, Dr. Soon-Shiong is thwarting AAHI's ability to protect its interests and protect its rights under the ImmunityBio contracts.

60.     In July 2024, Dr. Casper called for a special meeting of the AAHI board to address the urgent financial crisis for the organization precipitated by the failures of the Foundation and

VERIFIED COMPLAINT - 22

ImmunityBio to fulfill their obligations. Dr. Soon-Shiong also requested a special meeting at which he wanted Mr. Appelbaum and a Foundation attorney to be invited to make a presentation, ostensibly about the Foundation's grant to AAHI and transfer of half of the grant money that had been paid to organizations in South Africa. Ms. Decaire polled repeatedly to accommodate the special board meeting request by the Chairman, but several board members, including the Chair, did not provide their availability after several weeks. Ms. Decaire then sought to schedule a special meeting of the board for August 1, 2024, but Dr. Soon-Shiong indicated he was not available for a meeting that day (yet subsequently accepted the electronic invite). Accordingly, on August 1, 2024, AAHI management held an informational session, presenting to those board members available to attend information regarding the state of AAHI's finances and the steps AAHI management was taking to protect the organization's interests under its contracts, including its retention of outside litigation counsel. Six (including Dr. Casper) of AAHI's eight board members attended that presentation.

61.    Most recently, Dr. Soon-Shiong has made thinly veiled threats to AAHI management based on their unwillingness to transfer AAHI funds to Africa in accordance with his directives and purported to call a "special meeting" of AAHI's board of directors, which he initially set for September 13, 2024, and subsequently rescheduled for 8:30 a.m. Pacific on Tuesday, August 13, 2024. Although AAHI's by-laws require that "each director" receive notice of any special meeting at least ten days in advance of the meeting, notice for this proposed meeting was not delivered until August 8, 2024, five days before the meeting. Dr. Soon-Shiong excluded two AAHI board members—Dr. Cherrington and Dr. Kwong—from the invitation for this meeting and indicated that he would not allow them to participate. Dr. Kerr, who previously had resigned from the board, was invited. Dr. Casper, Dr. Cherrington, and Dr. Kwong all objected in writing to proceeding with the meeting. Another independent board member, Dr. Ed Mocarski, objected in writing to the meeting, and to Dr. Soon-Shiong's continued refusal to recuse himself from matters in which he has conflicts of interest. Ms. Decaire, AAHI's General Counsel, also informed Dr. Soon-Shiong that the meeting had not been set in accordance with AAHI's by-laws. AAHI's by-

VERIFIED COMPLAINT - 23

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1  laws allow any director to waive the 10-day notice requirement, but at least four AAHI directors

2  did not waive that requirement for the purported August 13, 2024, meeting. Dr. Soon-Shiong

3  nonetheless proceeded with the meeting.

4        62.    Ms. Decaire attended the initial portions of the August 13, 2024, meeting in her

5  capacity as AAHI's General Counsel and Corporate Secretary. Dr. Soon-Shiong, Ed Hsu, Dr.

6  Glenda Gray, and Dr. Raoul Concepcion were the only board members attending the meeting.

7  Without further advance notice or explanation to the Board, Dr. Soon-Shiong also invited the

8  Director of Public Relationships from one of his companies, NantWorks, as well as Martin Waters,

9  the California transactional lawyer from Dr. Soon-Shiong's law firm, Wilson Sonsini. During the

10  meeting, Mr. Waters took the position that Dr. Kwong and Dr. Cherrington were not yet board

11  members because notwithstanding the Governance Committee's recommendation of their

12  appointment, and notwithstanding the Board's unanimous approval of their appointment, there was

13  not, in his view, a resolution confirming their appointment and a separate resolution authorizing

14  an increase in the number of directors. However, the AAHI by-laws unambiguously state that the

15  board shall have "at least seven directors," that at least five directors will be independent, and that

16  the board "may be increased or decreased from time to time by a Board Vote." By-Laws ¶ 3.1(a).

17        63.    Mr. Waters also indicated at the August 13 meeting that Wilson Sonsini had a

18  conflict of interest and had advised Dr. Soon-Shiong that the board should seek independent

19  counsel regarding its fiduciary duties and the process for appointing additional board members.

20  He then proceeded nonetheless to explain to the board members present his interpretation of the

21  Bylaws and how he believed they applied to the facts and circumstances of the new board

22  members' appointment (*i.e.*, notwithstanding his acknowledged conflict, he proceeded to provide

23  legal advice). One director, Mr. Ed Hsu, began to inquire about how to to resolve these issues

24  where different lawyers, such as Mr. Waters and AAHI's General Counsel, disagreed on the

25  appropriate course of action. Dr. Soon-Shiong then abruptly cut him off and stated that the "board"

26  would commence an "executive session" and that Ms. Decaire was excused from the meeting.

27

VERIFIED COMPLAINT - 24

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

64.     Dr. Soon-Shiong has also indicated that he intends to hold a follow-up meeting of the AAHI board on August 23, 2024, to discuss "next steps," although he again excluded Dr. Cherrington and Dr. Kwong from the notice and has not invited them to participate in that meeting.

**F.      *AAHI's Need for Immediate Relief.***

65.     Through his conduct Dr. Soon-Shiong has prevented, and is continuing to prevent, AAHI from having the functioning independent board required by AAHI's by-laws and Washington law.

66.     By continuing to participate in AAHI board decision making despite his clear conflicts of interests, and by refusing to recognize the appointment of AAHI's additional independent directors, Dr. Soon-Shiong's conduct, if successful, will prevent AAHI from acting to protect its interests.

67.     AAHI's budgeting needs critically depend on the money owed under its contracts with the Foundation and ImmunityBio. To develop and advance a strategy for protecting its rights under those contracts, AAHI's board must be able to act independently and free from interference by Dr. Soon-Shiong, who is directly adverse to AAHI.

68.     Without immediate relief, AAHI will suffer irreparable harm, including both the loss of millions of dollars it needs to plan for and execute its future operations for the public benefit, as required by its status as a Washington non-profit corporation, and the continued inability to function effectively without the independent oversight required by its by-laws.

## V.      CAUSES OF ACTION

### FIRST CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY
### (Against Dr. Soon Shiong)

69.     AAHI repeats and realleges the allegations set forth in paragraphs 1-65 above as though fully set forth here.

70.     Dr. Soon-Shiong is currently serves as a director and as the Chair of AAHI's board of directors. As such Dr. Soon-Shiong owes fiduciary duties under Washington law that require him to act in the best interests of AAHI, including a duty of care, a duty of loyalty, and a duty of

VERIFIED COMPLAINT - 25

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

obedience. *See* Washington Non-Profit Handbook (2022 ed.), available at https://www.sos.wa.gov/sites/default/files/2022-09/2022-Nonprofit-Handbook.pdf.

71.     The duty of care requires Dr. Soon-Shiong, like any non-profit director, "to give reasonable care and attention to their responsibilities," to consider the available materials and information in making decisions, and to seek and rely upon outside independent expert advice regarding organizational matters as need. *Id.* at 15.

72.     The duty of loyalty requires Dr. Soon-Shiong, like any non-profit director, to use "independent judgment and act without personal economic conflict." *Id.*

73.     The duty of obedience requires Dr. Soon-Shiong, like any non-profit director, to ensure that AAHI follows its corporate governance policies and abides by its purpose and mission. *Id.*

74.     Dr. Soon-Shiong has breached his fiduciary duties to AAHI by deliberately and knowingly, or through gross negligence, committing the following acts:

(a)     Failing to ensure his Foundation, which he controls, fulfills its financial obligations to AAHI;

(b)     Refusing to recuse himself from board decision making regarding the Foundation's obligations under the Grant Agreement despite his conflicts of interest;

(c)     Actively participating in seeking to force AAHI effectively to modify the terms of the Grant Agreement by conditioning the remaining $8 million in funding on allocating the previously paid installment of the committed funds as directed by Dr. Soon-Shiong in Africa pursuant to his personal interests and preferences rather than any consideration of AAHI's best interests and contrary to the AAHI budgets approved by the Board;

(d)     Threatening, without any objective basis for doing so, to seek to recoup the $18 million previously paid under the Grant Agreement if AAHI does not transfer funds to South Africa in accordance with Dr. Soon-Shiong's personal requests and

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

desires, rather than based on any consideration of AAHI's best interests or its purpose and mission;

(e) Refusing to recognize the appointment of independent directors who have been appointed by the AAHI board and whose service on the board is needed to provide the organization with the independent oversight required by the board;

(f) Scheduling and conducting purported board meetings without abiding by the notice requirements under AAHI's by-laws and without allowing the participation of the entire AAHI board;

(g) Retaining, and asking the AAHI board to consider and rely upon, outside legal advisors who also represent Dr. Soon-Shiong in matters relating to the Grant Agreement, and who have represented him in other matters, and who are thus conflicted from providing the organization with independent legal advice.

75.    As a result of Dr. Soon-Shiong's breaches of fiduciary duty AAHI is suffering, and will continue to suffer, irreparable harm absent declaratory and injunctive relief requiring that Dr. Soon-Shiong recuse himself from matters where he has a conflict of interest, recognizing the appointment of AAHI's additional independent directors and their right to participate in board matters, and invalidating any purported AAHI board actions taken without a properly constituted board. If allowed to persist, Dr. Soon-Shiong's breaches of fiduciary duty are also likely to thwart AAHI's ability to protect its rights under its contracts with ImmunityBio, as AAHI's board must be able to act independently and without interference from Dr. Soon-Shiong to protect its financial interests under those contracts, which account for a substantial portion of AAHI's budget.

76.    To ensure AAHI's compliance with its by-laws and Washington law, and to allow AAHI directors to fulfill their fiduciary duties, AAHI also seeks the appointment of an independent corporate monitor to facilitate the expansion of AAHI's board to include additional independent directors, as needed.

77.    To protect AAHI from further breaches of fiduciary duty by Dr. Soon-Shiong, to ensure that AAHI's decision making with respect to the protection of its rights under the Grant

VERIFIED COMPLAINT - 27

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

Agreement and the ImmunityBio contracts proceeds under the supervision of a disinterested board, and as a remedy for those breaches of fiduciary duty Dr. Soon-Shiong has already committed, AAHI should be awarded injunctive relief removing Dr. Soon-Shiong from its board pursuant to RCW 24.03A.625.

78.     AAHI also seeks damages resulting from Dr. Soon-Shiong's intentional breaches of his fiduciary duties, including those resulting from the need to incur legal fees and devote additional corporate resources towards preventing those breaches, in an amount to be proven at trial.

**SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY -- DECLARATORY RELIEF**
**(Against Dr. Soon-Shiong)**

79.     AAHI repeats and realleges the allegations set forth in paragraphs 1-74 above as though fully set forth here.

80.     There is a genuine dispute and controversy concerning the existence of a conflict of interest that prevents Dr. Soon-Shiong from participating in AAHI board decision making relating to the Grant Agreement.

81.     There is also a genuine dispute and controversy concerning the rights of AAHI's newly appointed board members, Dr. Cherrington and Dr. Kwong, to serve on the board and participate in board decision making.

82.     Finally, there is a genuine dispute and controversy regarding the validity of purported board actions, including board meetings scheduled by Dr. Soon-Shiong conducted without proper notice and without the participation of duly elected AAHI directors and any board actions taken at those meetings.

83.     Declaratory relief establishing the existence of a conflict of interest on the part of Dr. Soon-Shiong with respect to the Grant Agreement and the ImmunityBio agreements requiring his recusal from board decision making, the right of Dr. Cherrington and Dr. Kwong to fully participate as AAHI board members, and the invalidity of any board actions taken without (i) a properly constituted board and (ii) notice to and involvement of all qualified board members (and

VERIFIED COMPLAINT - 28

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1  without any participation by board members conflicted from participating) is necessary to enable

2  AAHI and its board members to conduct themselves under the requirements of AAHI's by-laws

3  and the fiduciary duties imposed by Washington law.

4  **THIRD CAUSE OF ACTION: BREACH OF CONTRACT**

5  **(Against Chan Soon-Shiong Family Foundation)**

6  84.    AAHI repeats and realleges the allegations set forth in paragraphs 1-79 above as

7  though fully set forth here.

8  85.    The Grant Agreement is a valid, enforceable, and fully integrated contract governed

9  by California law. In the Grant Agreement, the parties agreed they each would have "full

10  contractual and equitable standing to enforce the terms of the Agreement to the fullest extent

11  permitted under the laws of the State of California."

12  86.    The Grant Agreement calls for the Foundation to pay AAHI $26 million between

13  2022 and 2024.

14  87.    AAHI has performed all its obligations under the Grant Agreement.

15  88.    AAHI has also relied upon the Foundation's anticipated performance under the

16  Grant Agreement by, *inter alia*, budgeting for 2024 based on the expectation the Foundation would

17  continue to make the payments required by the Grant Agreement, as it had in 2022 and 2023.

18  89.    The Foundation paid AAHI the first $18 million required by the Grant Agreement

19  in 2022 and 2023.

20  90.    The Grant Agreement required the Foundation to pay AAHI $8 million in March

21  2024. The Foundation has not made that required payment and has refused to make that payment

22  despite repeated requests from AAHI.

23  91.    The Foundation has therefore breached the Grant Agreement and required AAHI

24  to sustain $8 million in damages, together with prejudgment interest at the 12% rate allowed by

25  law.

26

27

VERIFIED COMPLAINT - 29

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

12640808v1/018343

## VI.   DEMAND FOR JURY TRIAL

92.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial for all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE Plaintiff demands a trial by jury and prays that it be awarded relief as follows:

(1)   Declaratory and injunctive relief requiring Dr. Soon-Shiong to recuse himself from board decision making relating to the Grant Agreement and AAHI's contracts with ImmunityBio;

(2)   Declaratory and injunctive relief recognizing the appointment of AAHI's independent directors with a full right to participate in board decision making;

(3)   Injunctive relief appointing a corporate monitor to enable AAHI to organize an independent board and ensure that its directors are able to fulfill their fiduciary duties;

(4)   Injunctive relief requiring Dr. Soon-Shiong's removal from the AAHI board based on his breaches of fiduciary duty and to ensure that AAHI's decision making with respect to the Grant Agreement and the ImmunityBio agreements proceeds under the supervision of a disinterested board of directors;

(5)   Declaratory and injunctive relief confirming the invalidity of any board actions taken, or meetings conducted, at which Dr. Soon-Shiong was disqualified from participating due to a conflict of interest, in which duly appointed directors were not permitted to participate, or that were conducted without complying with the notice requirements under AAHI's by-laws;

(6)   Damages in the amount proven at trial;

(7)   Pre-judgment interest at the statutory rate on the $8 million owed under the Grant Agreement;

(8)   Attorneys' fees and expenses;

VERIFIED COMPLAINT - 30

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

12640808v1/018343

1    (9)     and such other relief as may be deemed just and proper.

2    In accordance with the requirements of RCW 24.03.944 AAHI will give notice to the

3    Washington Attorney General of its commencement of this action.

4

5    Dated August 14, 2024.                    Respectfully submitted,

6                                         By:  */s/ Stephen E. Morrissey*
                                              Stephen E. Morrissey, WSBA #44710
7                                             Lindsey Godfrey Eccles, WSBA #33566
                                              SUSMAN GODFREY L.L.P.
8                                             401 Union Street, Suite 3000
                                              Seattle, WA 98101
9                                             Phone: (206) 516-3880
                                              Fax: (206) 516-3883
10                                            smorrissey@susmangodfrey.com
                                              leccles@susmangodfrey.com
11
                                              *Attorneys for Plaintiff*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

VERIFIED COMPLAINT - 31                    S U S M A N   G O D F R E Y   L . L . P .
                                           401 Union Street, Suite 3000
                                           Seattle, WA 98101
                                           Tel:(206) 516-3880; Fax: (206) 516-3883

1

**VERIFICATION**

2   STATE OF WASHINGTON        )
                               )
3   COUNTY OF KING             )

4

5       I, Candice Decaire, being duly sworn, deposes and says:

6       1.      I am the Chief Strategy Officer and General Counsel for Plaintiff Access to

7   Advance Health Institute.

8       2.      I have read the foregoing Verified Complaint and know the contents thereof. All

9   statements of fact therein are true and correct to my own knowledge insofar as it concerns the

10  knowledge and activities of the AAHI Plaintiffs, and as to those matters stated to be alleged upon

11  information and belief, or concerning the knowledge of the AAHI Plaintiff, I believe them to be

12  true.

13

14                                                  _____
                                                    Candice Decaire
15

16      SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 14ᵗʰ day of

17  August, 2024, to certify which witness my hand and seal of office.

18

19                                                  _____

20                                                  Typed Name:   Jami Grounds
                                                    Notary Public in and for the State of
21                                                  Washington, Residing at  Seattle
                                                    My Commission Expires:  4/12/26
22

23

24

25

26

27

VERIFIED COMPLAINT - 32                           SUSMAN GODFREY L.L.P.
                                                  401 Union Street, Suite 3000
                                                  Seattle, WA 98101
                                                  Tel:(206) 516-3880; Fax: (206) 516-3883