1    Stephen E. Morrissey, WSBA #44710
2    Lindsey Godfrey Eccles, WSBA #33566
     SUSMAN GODFREY L.L.P.
3    401 Union Street, Suite 3000
     Seattle, WA 98101
4    Phone: (206) 516-3880
     smorrissey@susmangodfrey.com
5    leccles@susmangodfrey.com

HON. BARBARA J. ROTHSTEIN

6

7
                    UNITED STATES DISTRICT COURT
8                  WESTERN DISTRICT OF WASHINGTON
                            AT SEATTLE
9

10   ACCESS TO ADVANCED HEALTH              Case No. 2:24-CV-01253
     INSTITUTE,
11                                          **PLAINTIFF'S REPLY TO**
           Plaintiff,                       **DEFENDANTS' OPPOSITION TO**
12                                          **PLAINTIFF'S EMERGENCY MOTION**
           v.                               **FOR TEMPORARY RESTRAINING**
13                                          **ORDER**
     PATRICK SOON-SHIONG, M.D. and CHAN
14   SOON-SHIONG FAMILY FOUNDATION,

15         Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

# Table of Contents

I.    INTRODUCTION ....................................................................................1

II.   ARGUMENT .........................................................................................2

    A.    AAHI IS LIKELY TO SUCCEED ON THE MERITS ....................2

        1.    AAHI's Counsel is Duly Authorized to Pursue this
           Action. ...................................................................2

        2.    AAHI Will Show Dr. Soon-Shiong is in Breach of
           his Fiduciary Duties. ...................................................3

    B.    THE TRO MOTION PROPERLY SEEKS TO ADDRESS AN
       ONGOING CORPORATE GOVERNANCE EMERGENCY
       THAT WOULD OTHERWISE CAUSE IRREPARABLE HARM. 6

    C.    THE BALANCE OF HARDSHIPS FACTORS FAVOR THE
       REQUESTED RELIEF. ..................................................9

    D.    PUBLIC INTEREST FACTORS FAVOR THE REQUESTED
       RELIEF. ....................................................................9

    E.    THERE IS NO BASIS FOR ANY BOND .........................10

III.  CONCLUSION ....................................................................................10

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

# I.   **INTRODUCTION**

Plaintiff Access to Advance Health Institute ("AAHI") respectfully submits this reply in support of its TRO Motion. The opposition submitted by Defendants Patrick Soon-Shiong and the Chan Soon-Shiong Foundation (the "Foundation")—together with additional events since the filing of AAHI's TRO Motion—only highlight why the TRO should be granted. Despite much bluster, Defendants do not dispute the core issues: (1) Dr. Soon-Shiong's Foundation breached its obligation under the Grant Agreement to pay AAHI $8 million in March 2024; (2) Dr. Soon-Shiong has a direct conflict of interest regarding the millions of dollars owed under the Grant Agreement and the ImmunityBio contracts; (3) Dr. Soon-Shiong refuses to recuse himself from board decision making regarding the Foundation's obligations; (4) Dr. Soon-Shiong, both directly and through counsel, continues to participate in ongoing board decision making that, if allowed to proceed, would imperil AAHI's ability to protect its future viability; and (5) Dr. Soon-Shiong has refused to acknowledge the appointment of two independent directors, Dr. Cherrington and Dr. Kwong, and barred them from meetings he convened, while now soliciting the continued participation of a former director, Dr. Kerr, who previously resigned and has not been reappointed.

At bottom, Dr. Soon-Shiong appears utterly blind to his fundamental conflict of interest: his Foundation entered a contract whereby it agreed to pay AAHI $26 million over three years, including $8 million this year, expressly on an "*unrestricted basis*" and "*primarily to support active research and development in the field of infectious diseases and cancers*" (Cmplt. Exh. 1, ¶¶ 1.1, 2.1). But since late 2023 he has pushed AAHI to instead redirect the money—including *half* of the $18 million previously paid—to fund training medical clinicians in South Africa. He continues to withhold the final $8 million unless AAHI does his bidding. And he insists on managing the AAHI board's handling of these issues while refusing to acknowledge the proper appointment of additional independent directors. Both Dr. Soon-Shiong's breach of his fiduciary duties and the need for emergency relief to address that breach are abundantly clear.

In opposition, Dr. Soon-Shiong spins a narrative that AAHI's management is "attempting a corporate coup" to "safeguard [their] lucrative compensation." Yet he cannot show that any executive's compensation depends on whether AAHI spends its money on its research and

Reply in Support of Emergency Motion for TRO - 1
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

development mission or the South African programs Dr. Soon-Shiong now prefers. Dr. Soon-Shiong also contends that (1) AAHI's counsel lacks authority to act on the organization's behalf; (2) defendants are somehow likely to prevail on the merits despite Dr. Soon-Shiong's obvious breach of fiduciary duty and the Foundation's clear breach of its contract; (3) there is no "true emergency" despite Dr. Soon-Shiong's refusal to recuse himself and expressed desire to force AAHI to "immediately" transfer to South Africa $3 million his Foundation has not yet paid; and (4) the balance of hardships and public interest factors tilt in their favor. Defendants also ridiculously suggest that AAHI should post a $3 million bond.  As explained below and in the accompanying declarations, these arguments all lack merit.

## II.    ARGUMENT

### A.    AAHI is Likely to Succeed on the Merits

#### 1.    AAHI's Counsel is Duly Authorized to Pursue this Action.

As a threshold matter, Dr. Soon-Shiong questions management's authority to retain litigation counsel. However, under AAHI's by-laws, a consent resolution adopted by its board, and Ms. Decaire's board-approved employment agreement, Ms. Decaire indisputably has the authority—indeed, the *responsibility*, under her fiduciary duties as a corporate officer—to retain counsel to protect AAHI's interests. Decaire Supp. Decl. ¶¶ 3-6. Her responsibilities include managing any litigation that may be necessary to do so. *Id.* Management properly retained Susman Godfrey pursuant to that authority. *Id.* And a majority of the disinterested members of AAHI's properly constituted board support her efforts. Decaire Supp. Decl ¶¶ 6; Casper Decl. ¶ 9; Mocarski Decl. ¶ 8; Cherrington Decl. ¶ 5; Kwong Decl. ¶ 6.

Dr. Soon-Shiong also asserts Susman Godfrey was retained "covertly," that this lawsuit "came as a surprise," and that the dispute should have been "resolved amicably without unnecessary litigation." Opp. at 2. Dr. Soon-Shiong now even offers that "the Foundation is willing to complete the Grant." Soon-Shiong Decl. ¶ 23. If true, the Foundation should just pay AAHI the money. In fact, AAHI tried for months to resolve any dispute. Decaire Supp. Decl. ¶¶ 7-8. And Susman Godfrey's retention was no secret: on August 7, 8 and 15, 2024, *after* Dr. Soon-Shiong informed AAHI management of *his* retention of litigation counsel (and two weeks before the

Reply in Support of Emergency Motion for TRO - 2
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

complaint was filed), AAHI's counsel sought to seek an amicable resolution. Soon-Shiong Decl. Exh. 10 (Dkt. 23 at 84-90). Dr. Soon-Shiong has responded to efforts to resolve the dispute amicably by directing his in-house counsel to send a litigation hold notice, attempting to intimidate AAHI management, and threatening to pursue a claim to claw back the $18 million previously paid. Decaire Supp. Decl. ¶¶ 11-12. His protestations that AAHI did not seek an amicable resolution are misdirected.

### 2.  AAHI Will Show Dr. Soon-Shiong is in Breach of his Fiduciary Duties.

In claiming Dr. Soon-Shiong has not breached any fiduciary duty, defendants ignore the central issue driving this dispute: the $8 million the Foundation owes AAHI under the Grant Agreement for 2024 remains unpaid (as does the $18.75 million owed by ImmunityBio). And because of his refusal to recuse himself Dr. Soon-Shiong sits on both sides of the table in any effort to address that issue. His continued participation in the AAHI board's decision making with respect to that issue, as well as in his related apparent attempt to condition further payment upon AAHI's acquiescence to his new demands for how the money is spent, is in breach of his fiduciary duty of loyalty.

Dr. Soon-Shiong first suggests that directors of Washington non-profit corporations may not owe *any* fiduciary duties at all. Opp. at 9 & n. 2. But that suggestion cannot be squared with the language of the Non-Profit Corporation Act, the guidance published by the Washington Secretary of State's Office, or the relevant case law. TRO Mot. at 15-16. Non-profit corporation directors, like other directors, owe fiduciary duties—including a duty of loyalty.

Defendants fare no better in addressing the fiduciary duties that apply. They argue Dr. Soon-Shiong did not breach any fiduciary duties because "[u]nder the Washington Nonprofit Corporation Act, and consistent with court holdings in other jurisdictions, a charitable corporation is not barred from engaging in transactions in which its directors, such as Dr Soon-Shiong, have an interest[.]" Opp. at 9. This misses the point. AAHI may of course engage in a transaction with an interested director such as Dr. Soon-Shiong and has not claimed otherwise. After all, contracts with the Foundation and ImmunityBio—entities controlled by Dr. Soon-Shiong—account for a substantial portion of AAHI's budget. Such contracts are permissible so long, as Defendants

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

observe, as they are "intrinsically fair." Opp. at 10. But here the breach flows not from the mere fact that Dr. Soon-Shiong's Foundation has transacted with AAHI, but rather from his *refusal to recuse* himself "from board matters in which he has a direct financial interest," which creates a direct conflict of interest that "prevent[s] AAHI from enforcing its right to the $8 million payment owed under the Grant Agreement." TRO Mot. at 16.

Defendants thus cannot sidestep the current issue by pointing to the fact the AAHI board previously approved funding initiatives in South Africa: *now*, Dr. Soon-Shiong's Foundation has refused to pay the $8 million it is required to pay AAHI and yet he persists in insisting he should be able to participate in board decision making about what to do about that. *Oberly v. Kirby*—the *only* case they offer in opposition to AAHI's breach of loyalty claim—illustrates Defendants' refusal to confront the relevant issue. There, the Delaware Attorney General retroactively challenged the fairness of a charitable corporation's sale of stock where a director "stood on both sides of the…transaction." *Oberly v. Kirby*, 592 A.2d 445, 465 (Del. 1991). The Court held that the transaction, though interested, was ultimately "fair." *Id.*, at 472. Here, no one is challenging the fairness of any transaction. Rather, AAHI challenges Dr. Soon-Shiong's refusal to recuse himself, *i.e.,* his remaining in the position of the proverbial fox guarding a henhouse.

In attempting to justify his recalcitrance in refusing to pay the $8 million owed for 2024 and continuing to wear his director hat while demanding the immediate payment of funds to South Africa, Dr. Soon-Shiong suggests it was always understood that the $26 million required by the Grant Agreement "would be used for the benefit of a public benefit organization in South Africa." Soon-Shiong Decl. ¶ 6. Dr. Soon-Shiong thus seeks to create the impression that AAHI management has made some *ultra vires* use of the previously paid $18 million, and that he is thus justified in withholding the final $8 million payment. This revisionist history is belied by the contemporaneous documents. The Amended MOU said only that AAHI would be *part* of a "cooperative ecosystem" that would *include* a "public benefit organization in South Africa"—it does not say anything about AAHI funding that organization. Cmplt. Exh. 2. ¶ 10. The Grant Agreement itself, which is both a fully integrated contract and perfectly consistent with the MOU, specifically states that the $26 million in funding would be "unrestricted" and used "primarily to

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

support active research and development," not to fund the training of clinicians in South Africa. Cmplt. Exh. 1 ¶¶ 1.1, 2.1.

Dr. Soon-Shiong also points to the fact the board passed a February 2024 resolution that authorized allocating up to $3 million per year for each of three years to train clinicians in South Africa. But this is yet another red herring. AAHI remains perfectly willing to allocate the $3 million previously proposed for this year, and it continues to devote substantial resources towards projects focused on sub-Saharan Africa. Casper Decl. ¶ 17. Decaire Supp. Del. ¶¶ 8, 13. To spend up to $3 million in 2024 in projects in South Africa, however, AAHI first needs the $8 million the Foundation has failed to pay. Without that money, and without the additional funds owed by ImmunityBio, AAHI cannot sustain that expenditure. Decaire Supp. Decl. ¶ 14. By seeking to force AAHI to forego other obligations in favor of his personal priorities, Dr. Soon-Shiong is plainly putting his interests above AAHI's.

Nor is Dr. Soon-Shiong correct in claiming a procedural defect in the appointment of Dr. Cherrington and Dr. Kwong that could justify his decision to fortify his influence over the board by excluding them. AAHI's by-laws and Governance Committee Charter require only a board vote by a quorum in attendance at a meeting—not, as Dr. Soon-Shiong maintains, a "formal vote of the full board," Soon-Shiong Decl. ¶ 19—to approve a new director. Decaire Supp. Decl. ¶ 15. Nothing in the by-laws requires a separate vote to expand the size of the board. *Id.* Nor does the Amended MOU provide Dr. Soon-Shiong with a veto right over all future board members, as he now maintains. Opp. at 11. The Amended MOU merely provided that Dr. Soon-Shiong would agree with Dr. Casper on the composition of the "new Board" appointed for a one year term in conjunction with AAHI's emergence from receivership. Cmplt. Ex. 2 § 4. Under the AAHI by-laws, subsequent board positions are filled by a board vote. Decaire Decl. ¶ 15. The required board vote happened at the June meeting, and Dr. Soon-Shiong's decision to leave the meeting before the vote occurred cannot change that fact. *Id.*

To be clear, this motion does not require the Court to consider whether Dr. Soon-Shiong should be permanently removed from the board based on his breaches of fiduciary duty or to "exclude him from business decisions regarding AAHI's use of funds generally." Opp. at 10.

Rather, to conclude that AAHI is likely to succeed the Court need only find that it is likely that Dr. Soon-Shiong should recuse himself, that Dr. Cherrington and Dr. Kwong are properly entitled to serve on the board, or that the by-law requirement for five disinterested directors warrants emergency relief to protect the interests of the charitable organization from Dr. Soon-Shiong's efforts to deprive it of the money it is owed. AAHI has made that showing.

### B.  The TRO Motion Properly Seeks to Address an Ongoing Corporate Governance Emergency that Would Otherwise Cause Irreparable Harm.

In asking the Court to conclude AAHI faces no "true emergency" warranting the narrow relief sought by the TRO motion, defendants ignore the current reality. Dr. Soon-Shiong's conduct has generated a cloud of uncertainty as to the composition and authority of AAHI's board and its individual directors. Dr. Soon-Shiong continues to exploit this situation by seeking to force the misdirection of substantial corporate resources, including by (1) transferring $3 million to South Africa before the $8 million owed under the Grant Agreement is paid and (2) conducting an open-ended "investigation" of management.

In response to AAHI's demands for payment of the money owed under the Grant Agreement, Dr. Soon-Shiong called a rogue board meeting on August 13, 2024. The meeting was conducted without complying with the notice waiver requirement in AAHI's by-laws (which require a waiver from each director) and over the objections of four directors. Based on a discussion led by a lawyer from Dr. Soon-Shiong's corporate firm, Wilson Sonsini, Dr. Soon-Shiong claims to have obtained "board" authorization to use AAHI resources to hire a New York law firm for his requested "investigation" of AAHI management, despite the lack of any disclosure to the full board regarding the firm's budget or its qualifications to address Washington non-profit corporate governance issues. This investigation—*which no one suggested until the payment dispute arose*—is, transparently, a retaliatory witch hunt.

Dr. Soon-Shiong attempts to justify his actions by now proclaiming that he only recently "learned" of the events that caused AAHI's receivership by reading five-year old articles published in the *New York Times* and *Philanthropy Digest*. Soon-Shiong Decl. ¶¶ 25-27. But Dr. Soon-Shiong did not need to retain a New York law firm to read these dated articles. And the notion that

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

the phalanx of lawyers and advisors who conducted significant due diligence in connection with negotiation of the Grant Agreement were previously unaware of the circumstances surrounding AAHI's receivership would not pass any straight face test. In fact, the Receiver issued a May 2020 Report that found past management under Dr. Casper's predecessor had created an "insurmountable obstacle" to critical funding and that Dr. Casper "was prevented from communicating the dire condition of IDRI until news was reported in an article by the New York Times." Decaire Supp. Decl. ¶ 16 & Exh. 9. AAHI was able to emerge from receivership after Dr. Casper worked in tandem with the Receiver and Dr. Soon-Shiong to develop a plan to do so—a plan that critically depended on Dr. Soon-Shiong's commitment to provide $26 million to support AAHI's research and development work. Casper Decl. ¶ 13-14.

Since emerging from receivership, AAHI's annual budgets have been approved by its board each year and the 2023 annual report describing its budget and operations has been furnished to the board and published on AAHI's web site. Decaire Supp. Decl. ¶ 17; Kuo Decl. ¶¶ 2-3. Based on the approved budget, the money was spent furthering AAHI's core research and development mission—including the development of vaccines and treatments for diseases, such as TB, that inflict enormous burdens upon Sub-Saharan Africa. Casper Decl. ¶¶ 15.

It was only in September 2023—*after* nearly two years of post-receivership operations—that Dr. Soon-Shiong pivoted to urging AAHI to divert half of the $18 million previously paid towards "support[ing] building human capital focused on cancer centers in Africa." Soon-Shiong Decl. ¶ 10. It is impossible that anyone, let alone the chairman of AAHI's board of directors, could have believed that AAHI's budget for 2022-2023 contemplated transferring $9 million to organizations in South Africa. *Id.* AAHI needed the money to fund its core research and development work, and it used it for that purpose—with the board's approval. Yet Dr. Soon-Shiong now seeks to force AAHI to use the entirety of the remaining $8 million owed under the Grant Agreement (and then some) to fund doctors and medical fellows in primary care fields related to cancer treatment (e.g., anestheics, surgery, etc.). Shoon-Shiong Decl. ¶¶ 13-15. By doing so, Dr. Soon-Shiong seeks to subvert AAHI's mission in favor of his current personal priorities.

In an attempt to legitimize Dr. Soon-Shing's recent actions Defendants contend that Dr.

Reply in Support of Emergency Motion for TRO - 7
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

Kerr remains an AAHI director whose alleged independence insulates Dr. Soon-Shiong from scrutiny. But Dr. Kerr unambiguously conveyed his "***resignation from the Board of AAHI with immediate effect***." Decaire Decl. Exh. 34 (Dkt. 6-35) (emphasis added). While Defendants now contend Dr. Kerr's resignation "has not yet been accepted," Opp. at 7, a resignation is not a matter to accept or reject—any director can resign at any time. It is clear that Dr. Kerr is not a current director. Without Dr. Kerr, only three directors (Dr. Concepcion, Dr. Gray, and Mr. Hsu, one or more of whom may be conflicted by, *inter alia*, relying on counsel from Dr. Soon-Shiong's personal lawyers) support Dr. Soon-Shiong's actions, whereas a majority of non-conflicted directors (Dr. Casper, Dr. Mocarski, Dr. Kwong, and Dr. Cherrington) opposes Dr. Soon-Shiong's actions and supports the prosecution of this case. Decaire Supp. Decl. ¶¶ 19-20. Without Dr. Kwong or Dr. Cherrington, AAHI lacks the five independent directors required by its by-laws. And Dr. Soon-Shiong's contention that Dr. Cherrington somehow is conflicted because she previously collaborated with Dr. Mocarski, another independent director, on academic work, Opp. at 6, is specious: the issue is whether she is independent *from AAHI,* and Dr. Soon-Shiong makes no claim that she is not.

Defendants' reliance on *CBS Corp v. Nat'l Amusements*, 2018 WL 2263385 (Del. Ch. May 17, 2018) is completely misplaced. There, the defendant was an 80% *shareholder* in a for-profit corporation who had every right to participate in board decision making—including by appointing directors and modifying corporate by-laws in manners that aligned with her interests. *Id.* at *1-*2. While the other shareholders in the corporation would have a right to relief if any ensuing transaction was not fair to them, the requested relief was not needed to protect that right—and, indeed, could have prevented a transaction that was in the best interests of the company and its shareholders. *Id.* Here, Dr. Soon-Shiong's recusal—along with permitting Dr. Cherrington and Dr. Kwong to serve on the board as they are properly entitled—is needed to protect AAHI from the possibility that his continued participation in board decision making will result in the forfeiture of AAHI's rights under the Grant Agreement. The requested relief would ensure that AAHI is operated consistently with its charitable mission and allow the organization to be operated under

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1    the supervision and support of a disinterested board.[1]

2    **C.    The Balance of Hardships Factors Favor the Requested Relief.**

3    Defendants' opposition also does nothing to undermine the conclusion that the balance of

4    hardships favors the relief sought by the TRO motion. The pending issues are how AAHI should

5    deal with the fact that the Foundation *has not* paid the remaining money it owes under the Grant

6    Agreement and Dr. Soon-Shiong's efforts to force AAHI to reallocate already-paid Grant money

7    pursuant to his present preferences. Dr. Soon-Shiong has a direct conflict of interest with respect

8    to AAHI's handling of those issues and no basis for claiming any cognizable harm would result

9    from his recusal. By contrast, Dr. Soon-Shiong's continued control over the AAHI board's

10   decision making with respect to the Grant Agreement, his desire to use funds already paid to AAHI

11   to support organizations other than AAHI, and his continued refusal to allow a disinterested

12   majority of directors as required by AAHI's by-laws, creates substantial hardship to the

13   organization by interfering with its ability to enforce its contractual rights.

14   Nor is there any merit to defendants' contention that the requested relief is overly broad.

15   The TRO Motion is directed to the narrow, pressing issue of securing Dr. Soon-Shiong's recusal

16   and ensuring that AAHI is managed under the supervision of a board controlled by a disinterested

17   majority as required by its by-laws. The balance of hardships plainly tilts in AAHI's favor.

18   **D.    Public Interest Factors Favor the Requested Relief.**

19   In claiming that public interest factors do not support the requested relief, defendants do

20   not dispute that the Washington Non-Profit Corporation Act demonstrates a public policy in favor

21   of protecting Washington non-profit corporations. The Non-Profit Corporation Act broadly

22   authorizes the Court, in any action contesting corporate action, to "make such orders in any case

23   as are just and proper." RCW 24.03.966.  The requested relief would further the public policy

24   interests underlying the Non-Profit Corporation Act by ensuring AAHI is managed under the

25   supervision of a disinterested board of directors and that its funds are allocated in a manner

---

[1] The proposed order submitted with AAHI's TRO Motion calls for the appointment of a corporate monitor. The Court could, alternatively, direct the AAHI board to fulfill the by-law requirement to have at least five independent directors by appointing one more additional directors selected from the Advisory Committee to the Non-Profit Handbook.

Reply in Support of Emergency Motion for TRO - 9
Case No. 2:24-cv-01253

consistent with its mission and purpose. Contrary to the opposition, the requested relief would not "nullify" any board action. The plan AAHI proposed and the Board adopted—which entails spending up to $3 million per year to improve cancer outcomes in South Africa—would remain and AAHI would fund that initiative upon receiving the money owed under its contracts.[2]

**E.     There Is No Basis for Any Bond**

Defendants finally argue that the Court should impose a "minimum" bond of $3 million if the relief is granted—and even direct non-party "Management" to post it! In support of this extraordinary demand, Defendants claim the requested relief would somehow "nullify" the board resolution authorizing the expenditure of funds to supporting training physicians in South Africa. But the only thing preventing AAHI from funding an Africa cancer initiative this year is the Foundation's breach of its $8 million obligation. The Foundation can prevent the "great harm" it claims would result from the TRO by either paying the money to AAHI or, alternatively, paying money directly to whomever it wants. There is no reason for any bond.

**III.     CONCLUSION**

For each of the foregoing reasons, and for those set forth in the motion and the supporting declarations, AAHI's TRO motion should be granted. AAHI believes the papers amply support issuing the requested relief; however, AAHI's counsel will of course make themselves available should the Court conclude oral argument would be helpful.

Dated August 23, 2024.                    Respectfully submitted,


                                  By: */s/ Stephen E. Morrissey*
                                       Stephen E. Morrissey, WSBA #44710
                                       Lindsey Godfrey Eccles, WSBA #33566
                                       SUSMAN GODFREY L.L.P.
                                       401 Union Street, Suite 3000
                                       Seattle, WA 98101
                                       Phone: (206) 516-3880
                                       Fax: (206) 516-3883
                                       smorrissey@susmangodfrey.com
                                       leccles@susmangodfrey.com

                                       *Attorneys for Plaintiff*

---

[2] Defendants mischaracterize the February 2024 board resolution as directing "at least" $9 million to South Africa over three years. Soon-Shiong Decl. ¶ 17. In fact, the resolution called for spending "***up to***" that amount. Decaire Decl. Exh. 17.

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

John Quinn
David Elihu
Harry A. Olivar, Jr.
Jeffrey Boozell
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
(213) 443-3000
johnquinn@quinnemanuel.com
davidelihu@quinnemanuel.com
harryolivar@quinnemanuel.com
jeffboozell@quinnemanuel.com

*Counsel for Defendants*

DATED this 23rd day of August, 2023.


                              /s/ Stephen E. Morrissey
                              Stephen E. Morrissey

Reply in Support of Emergency Motion for TRO - 11
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883