Stephen E. Morrissey, WSBA #44710
Lindsey Godfrey Eccles, WSBA #33566
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
smorrissey@susmangodfrey.com
leccles@susmangodfrey.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ACCESS TO ADVANCED HEALTH INSTITUTE,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK SOON-SHIONG, M.D. and CHAN SOON-SHIONG FAMILY FOUNDATION,<br><br>Defendants. | Case No. 2:24-CV-01253<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF EVIDENTIARY OBJECTIONS** |

Plaintiff Access to Advanced Health Institute ("AAHI") hereby submits its response to Defendants' Notice of Evidentiary Objections, Dkt. No. 36 ("Notice"), which purports to address deficiencies in the declarations Plaintiff submitted in support of its Reply in support of its Motion for Temporary Restraining Order (Dkt. Nos. 28-34). Defendants claim that the declarations "could have been presented in AAHI's moving papers" and are otherwise inadmissible. Notice at p. 2. Defendants' Notice is a bald attempt to refute Plaintiff's Reply, Dkt. No. 28, without obtaining leave to file a sur-reply, as required by this Court's Standing Order, IIA. For this reason alone, the Court should disregard Defendants' Notice. In the event, however, that the Court decides to consider Defendants' Notice, Plaintiff offers the following Response.

**ARGUMENT**

RESP TO DEFS' NOTICE OF EVIDENTIARY OBJ. - 1
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

Defendants' Notice is a laundry list of conclusory objections to factual assertions found in the declarations submitted by Plaintiff's witnesses. Plaintiff takes the objections in turn below.

### *Legal Conclusion (FRE 703)*

Defendants assert that a number of the factual assertions in the Declarations of Julie Cherrington (Dkt. No. 34) ("Cherrington Decl."), Ann D. Kwong (Dkt. No. 32) ("Kwong Decl."), Edward Mocarski (Dkt. No. 33) ("Mocarski Decl."), and Candice Decaire (Dkt. No. 29) ("Supp. Decaire Decl.") constitute legal conclusions in violation of Federal Rule of Evidence 703:

- Drs. Cherrington's and Kwong's assertions that they are members of AAHI's Board of Directors, Cherrington Decl. ¶ 2, Kwong ¶ 2;
- Drs. Cherrington's, Kwong's, and Mocarski's understandings of their duties and responsibilities as AAHI board members, Cherrington Decl. ¶ 3, Kwong Decl. ¶ 3-4, Mocarski Decl. ¶ 5;
- Drs. Cherrington's and Kwong's understanding of the conflict of interest that underlies Plaintiff's allegations in this litigation, Cherrington Decl. ¶ 5, Kwong Decl. ¶ 5;
- Ms. Decaire's retention of counsel in this matter, Supp. Decaire Decl. ¶ 4;
- Ms. Decaire's understanding that AAHI lacks a properly constituted Board, Supp. Decaire Decl. ¶ 10;
- Ms. Decaire's understanding that conflicts of interest have affected Board decision making, Supp. Decaire Decl. ¶¶ 19-20;
- Dr. Mocarski's understanding that Drs. Cherrington and Kwong accepted their appointments as members of the AAHI Board, Mocarski Decl. ¶ 3; and
- Dr. Mocarski's understanding that Dr. Cherrington's work in his lab does not create a conflict, Mocarski Decl. ¶ 4.

Because Defendants' Notice lacks actual argument, the bases for Defendants' objections can only be surmised. Defendants also fail to explain how Federal Rule of Evidence 703, which governs expert testimony, applies to the testimony of these fact witnesses. Regardless, Defendants seem to argue that Drs. Cherrington and Kwong are incapable of having a factual understanding of their own positions as members of AAHI's Board and the responsibilities that come with that position. Likewise, Defendants doubt the ability of Ms. Decaire, AAHI's General Counsel and Chief Strategy Officer, to retain outside counsel and understand whether AAHI has a properly constituted Board unhampered by conflicts of interest. Similarly, Defendants call into question Dr. Mocarski's qualifications to testify as to whether or not Drs. Cherrington and Kwong

RESP TO DEFS' NOTICE OF EVIDENTIARY OBJ. - 2
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

accepted their positions as members of AAHI's Board and whether Dr. Cherrington's work in his lab created a conflict of interest.

To the extent that these are mixed questions of law and fact, there is no law or rule preventing fact witnesses from offering factual testimony in such situations. Further, the existence of a conflict of interest is a question of fact, not law. *Peterson v. Estelle*, 446 F.2d 53, 54 (9th Cir. 1971). Defendants fail to show that the statements referenced above are inadmissible legal conclusions.

### *Lack of Foundation (FRE 901)*

Defendants object that the following are deficient for lack of foundation:
- Drs. Cherrington's and Kwong's assertions that they are members of AAHI's Board of Directors, Cherrington Decl. ¶ 2, Kwong ¶ 2.

As above, Defendants do not explain their position that Drs. Cherrington and Kwong lack a foundation to testify as to whether or not they themselves are members of AAHI's Board or how Rule 901 renders that testimony inadmissible. Neither declarant's testimony is directed at the authentication of evidence. Defendants may disagree as to whether the appointment of Drs. Cherrington and Kwong was proper, and they may introduce evidence to support their position, if any exists, but that has no effect on the admissibility of the doctors' own understandings.

### *Best Evidence and Incomplete Presentation of a Writing (FRE 1002, 106)*

Defendants object that the following are deficient under the best evidence rule and the rule requiring complete presentation of a writing:
- Drs. Cherrington's and Kwong's assertions that they are members of AAHI's Board of Directors, Cherrington Decl. ¶ 2, Kwong ¶ 2;
- Ms. Decaire's understanding that her decisions are supported by a majority of AAHI Board members with no financial stake in their outcomes, Supp. Decaire Decl. ¶ 6; and
- Ms. Decaire's and Drs. Casper's and Mocarski's understanding that the AAHI Board voted to approve and/or invite Drs. Cherrington and Kwong to join the Board as Directors, Supp. Decaire Decl. ¶ 15, Casper Decl. ¶ 18, Mocarski Decl. ¶ 3.

Defendants assert that because Drs. Cherrington's and Kwong's understanding of their own status as members of AAHI's Board "conflicts" with self-serving evidence, created by Defendants after the fact, that Defendants would like to submit to the contrary, the Cherrington and Kwong

RESP TO DEFS' NOTICE OF EVIDENTIARY OBJ. - 3  
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.  
401 Union Street, Suite 3000  
Seattle, WA 98101  
Tel:(206) 516-3880; Fax: (206) 516-3883

declarations are inadmissible. In support of this objection, Defendants cite the recently-filed Supplemental Declaration of Patrick Soon-Shiong, Dkt. No. 35, which attaches as an exhibit a set of minutes and resolutions from a purported Board meeting held *yesterday*, August 25, 2024, without the participation of Drs. Cherrington, Kwong, Mocarski, or Casper—or Ms. Decaire. The notion that minutes from a bogus meeting improperly convened for the purpose of creating evidence to support Defendants' improperly filed sur-reply somehow raise an issue under Rules 1002 or 106 is ludicrous and should be ignored.

### *Lack of Personal Knowledge (FRE 602)*

Defendants object that the following statements lack personal knowledge:
- Ms. Decaire's understanding that she and Dr. Casper left the June 3 AAHI board meeting believing that progress had been made, Supp. Decaire Decl. ¶ 8;
- Dr. Casper's understanding that his own actions, as well as Ms. Decaire's and the actions of the independent members of the Board were intended in furtherance of AAHI's mission, Casper Decl. ¶ 14;
- Ms. Decaire's understanding that conflicts of interest have affected Board decision making, Supp. Decaire Decl. ¶ 19; and
- Dr. Mocarski's impression that Dr. Soon-Shiong seems intent on orchestrating conflict and financial calamity, Mocarski Decl. ¶ 7 (erroneously cited by Defendants as ¶ 5).

Plaintiff acknowledges Defendants' implicit point that Dr. Soon-Shiong is himself best positioned to explain what the intentions underlying his actions might possibly be, and looks forward to hearing him do so in a courtroom under oath. For now, Dr. Mocarski's observations are admissible as evidence of the impression he had of Dr. Soon-Shiong's intentions at the time. FRE 803(3). As to Ms. Decaire's understanding of the effect of conflicts of interest on Board decision making, Defendants offer no basis for the conclusion that, as General Counsel and Chief Strategy Officer, she lacks personal knowledge of this matter. The remainder of Defendants' "personal knowledge" objections are directed at two occasions on which Ms. Decaire and Dr. Casper testify as to what they understood to be a shared belief between the two of them. In each of those cases, the Court is more than capable of parsing the testimony regarding the declarant's own belief, understanding, or intention from his or her then-existing understanding of the other's. FRE 803(3).

### CONCLUSION

RESP TO DEFS' NOTICE OF EVIDENTIARY OBJ. - 4
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

The Court should DISREGARD Defendants' Notice as an improper sur-reply filed without leave. In the event the Court does consider the Notice, Defendants' arguments fail for the reasons explained above. The Court should overrule Defendants' objections and deem the testimony at issue admissible.

Dated August 26, 2024.                    Respectfully submitted,

By: */s/ Stephen E. Morrissey*
Stephen E. Morrissey, WSBA #44710
Lindsey Godfrey Eccles, WSBA #33566
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883
smorrissey@susmangodfrey.com
leccles@susmangodfrey.com

*Attorneys for Plaintiff*

RESP TO DEFS' NOTICE OF EVIDENTIARY OBJ. - 5
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

# CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the foregoing document to be served, via electronic mail, per agreement, on the following:

John Quinn
David Elihu
Harry A. Olivar, Jr.
Jeffrey Boozell
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
(213) 443-3000
johnquinn@quinnemanuel.com
davidelihu@quinnemanuel.com
harryolivar@quinnemanuel.com
jeffboozell@quinnemanuel.com

*Counsel for Defendants*

James Sanders
Angela R. Jones
Cara Wallace
Perkins Coie LLP
1201 Third Ave., Ste. 4900
Seattle, WA  98101-3099
(206) 359-8000
jsanders@perkinscoie.com
ajones@perkinscoie.com
cwallace@perkinscoie.com

*Counsel for Dr. Concepcion and Mr. Hsu, Purportedly in Their Capacity as Litigation Committee for the Board of Directors of Access to Advanced Health Institute*

DATED this 26th day of August, 2024.

/s/Stephen E. Morrissey
Stephen E. Morrissey

RESP TO DEFS' NOTICE OF EVIDENTIARY OBJ. - 6
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883