1   Stephen E. Morrissey, WSBA #44710                HON. BARBARA J. ROTHSTEIN
2   Lindsey Godfrey Eccles, WSBA #33566
    SUSMAN GODFREY L.L.P.
3   401 Union Street, Suite 3000
    Seattle, WA 98101
4   Phone: (206) 516-3880
    smorrissey@susmangodfrey.com
5   leccles@susmangodfrey.com

6

7                         UNITED STATES DISTRICT COURT
8                        WESTERN DISTRICT OF WASHINGTON
                                   AT SEATTLE
9
    ACCESS TO ADVANCED HEALTH            Case No. 2:24-CV-01253
10  INSTITUTE,
                                         **CORRECTED Plaintiff's Supplemental**
11          Plaintiff,                   **Memorandum in Support of Plaintiff's**
                                         **Emergency Motion for Temporary**
12          v.                           **Restraining Order**

13  PATRICK SOON-SHIONG, M.D. and CHAN
    SOON-SHIONG FAMILY FOUNDATION,
14
            Defendants.
15

16

17

18

19

20

21

22

23

24

25

26

27

Plaintiff Access to Advanced Healthcare Institute ("AAHI") respectfully submits this supplemental memorandum in support of its TRO Motion and requests the Court's consideration of this further submission in light of subsequent events that have recently transpired and the supplemental submission by defendants from earlier today. As demonstrated in the supplemental declaration submitted by Dr. Soon-Shiong this morning, as well as the Second Supplemental Declaration of Ms. Decaire filed herewith, Dr. Soon-Shiong has continued with the flagrant breaches of fiduciary duty underlying this action.

## I.   New Developments Since the Filing of AAHI's Reply Brief that Confirm the Need for Emergency Relief

### a.   The Invalid "Board Meeting" Held on August 25 and the Purported Appointment of the "Litigation Committee"

On August 25, 2024—yesterday—Dr. Soon-Shiong convened a rump session of a subset of the AAHI board of directors to address the Grant Agreement dispute and related issues. Dr. Soon-Shiong and a partner from his personal outside law firm, Wilson Sonsini, led the meeting despite their conflict of interest. Dr. Cherrington and Dr. Kwong were excluded from the meeting despite their prior appointment to the board; former board member Dr. Kerr participated in and voted at the meeting despite his prior resignation; and Dr. Soon-Shiong proceeded with the meeting despite the pendency of the TRO motion and over objections from four directors (Dr. Casper, Dr. Mocarski, Dr. Cherrington, and Dr. Kwong).

As this meeting, Dr. Soon-Shiong and the attending directors (Mr. Hsu, Dr. Gray, and Dr. Concepcion) purported to make a series of decisions that, based on the proposed order submitted in conjunction with the TRO Motion, would be invalid. Those decisions include: (1) the purported termination of AAHI's CEO, Dr. Casper, and its General Counsel and Chief Strategy Officer, Ms. Decaire, and naming of one of the directors aligned with Dr. Soon-Shiong, Dr. Concepcion, as an "interim CEO," Supp. Soon-Shiong Decl. ¶ 6 & Exh. 1 at 7; (2) the formation of a "Litigation

Committee" consisting of two directors aligned with Dr. Soon-Shiong, Dr. Concepcion and Mr. Hsu, *Id.* ¶ 7 & Exh 1 at 7; (3) the retention of an HR consultant to advise AAHI regarding "an internal plan for transitioning duties and communicating with employees and other key stakeholders," *Id.* ¶ Exh. 1 at 7; (4) allowing Dr. Kerr to participate in the meeting and vote as a director despite his prior unqualified resignation from the board with "immediate effect," *Id.* ¶ 5; (5) the purported appointment of three additional directors—***including Dr. Soon-Shiong's personal lawyer in South Africa, Robert Appelbaum***—without any prior notification to the full board, any nomination from the nominating committee as required by AAHI's by-laws, or any prior consideration of their qualifications to serve on the board of a Seattle-based non-profit, *Id.* Exh. 1 at 7; (6) the approval of a "settlement" reached between Dr. Soon-Shiong's Foundation (and executed by him on its behalf) and the "Litigation Committee," under which Dr. Soon-Shiong's Foundation would pay the remaining $8 million owed under the Grant Agreement, but only on the condition that AAHI would in turn redistribute all that money (and then some) for "pandemic preparedness and rapid response, including a public benefit organization in South Africa" and by transferring $9 million to Dr. Soon-Shiong's preferred organizations in South Africa over three years (including $3 million this year), *Id.* Exh. 1 at 7, Exh. 2; and (7) Dr. Soon-Shiong directing, "as a material term of the settlement," that the purportedly independent Litigation Committee "direct Susman Godfrey to dismiss the litigation." *Id.* ¶ 9.

These resolutions were hastily passed without any consideration of whether such transfers were in the best interest of AAHI, how they would financially impact AAHI or further its tax-exempt mission, or whether they provide a private benefit to board members in violation of AAHI articles and applicable Washington and federal tax laws. And although the minutes indicate that Dr. Soon-Shiong abstained from voting on the supposed settlement, the minutes indicate that he

SUPPLEMENTAL MEMO ISO TRO - 2
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

participated in the entirety of the meeting and that the entire meeting was orchestrated by Dr. Soon-Shiong and his lawyers. *Id.* Exh. 1.

The meeting (1) spanned less than two hours, suggesting that the important organization business purportedly conducted (terminating executives, changing the organizational mission, settling litigation, etc.) was in fact pre-determined by Dr. Soon-Shiong and his advisors; (2) was conducted by less than a quorum of the full board and over objections of a majority of the unconflicted directors of the board; (3) and led by Dr. Soon-Shiong's outside advisors at Wilson Sonsini, who are in direct conflict with AAHI and have fiduciary duties only to Dr. Soon-Shiong. Indeed, the minutes do not contain any suggestion that the participants in this meeting devoted any consideration of what was in the best interests of AAHI—the organization to which, as directors, they owe fiduciary duties.

**b.     The August 25 Email from the So-Called "Litigation Committee"**

On the evening of August 25 Dr. Concepcion and Ed Hsu, on behalf of Dr. Soon-Shiong's so-called "Independent Litigation Committee, emailed the undersigned counsel. The email claimed that AAHI's counsel was no longer authorized to act on behalf of AAHI, that the Litigation Committee had retained Perkins Coie to represent the Litigation Committee, and requested that counsel "stand down" and await "further instructions." Decaire Second Supp. Decl. ¶ 3 & Exh. 1. The email also said that, despite counsel's written retention agreement with AAHI's counsel, counsel was "not authorized to receive any AAHI funds in connection with the litigation now or ever." *Id.* Counsel responded, with a copy to AAHI's General Counsel and Chief Strategy Officer, that they would continue to represent AAHI pursuant to the terms of its engagement while awaiting the Court's ruling on the pending motion.

**c.     The HR Consultant's Appearance at AAHI's Offices**

This morning, Jamie Viramontes, the HR consultant retained by Dr. Soon-Shiong's so-

called "Independent Litigation Committee," arrived at AAHI's offices. Upon his arrival, Dr. Concepcion emailed Ms. Decaire and informed her that Mr. Viramontes was "part of the Litigation Team created by the Board" and would be meeting with her. Decaire Second Supp. Decl. ¶ 3. Mr. Viramontes had apparently intended to conduct a "town hall" for AAHI employees, but Ms. Decaire truthfully related that AAHI's facilities are restricted-access and met with him in a public conference room outside of AAHI's offices. ¶ 4. Mr. Viramontes delivered the terms of Ms. Decaire's purported termination. *Id.* ¶ 7 & Exh. 2. Based on her understanding that the purported board actions addressed at Dr. Soon-Shiong's August 25 meeting were invalid, Ms. Decaire has continued with her work in accordance with her duties as an AAHI officer approved by its properly constituted board. *Id.* ¶ 8.

## II.   Dr. Soon-Shiong's Ongoing Actions Confirm the Need for Emergency Relief.

If allowed to proceed, the purported actions that Dr. Soon-Shiong has sought to implement over the past several days would destroy AAHI's ability to pursue its research and development mission. Dr. Soon-Shiong is conducting a hostile takeover whereby he seeks to convert a Seattle-based non-profit into a vehicle for funneling his Foundation's money to his preferred organizations in South Africa. Funneling these funds to public benefit organizations in South Africa not only violates AAHI's charitable mission as outlined in its Articles and bylaws[1], but could even threaten AAHI's tax exempt status as a Medical Research Organization[2]. Such transfers seem to be

---

[1] AAHI's bylaws do not allow any change in AAHI's charitable mission absent the unanimous approval of the board, and no such vote, much less approval, was ever secured.

[2] Internal Revenue Code ("IRC") Section 170(b)(1)(A)(iii) defines a Medical Research Organization ("MRO") as a type of public charity "whose principal purpose or function is the providing of medical research and which is directly engaged in the continuous active conduct of medical research in conjunction with a hospital."  See also Treas. Reg. Section 1.170A-9(d)(2). MROs are treated as public charity under IRC 509(a)(1) so long as they qualify under IRC Section 170(b)(1)(A)(iii).  Importantly, the applicable Treasury Regulation specifically provides that "[e]ngaging directly in the continuous active conduct of medical research does not include the disbursing of funds to other organizations for the conduct of research by them or the

SUPPLEMENTAL MEMO ISO TRO - 4
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1   designed to relieve (or have the effect of relieving) Dr. Soon-Shiong's family foundation of the

2   obligation (and expense) to exercise expenditure responsibility[3] required by applicable tax law,

3   and the associated tax penalties for failing to do so.

4        The process by which these purported actions were pushed through makes a mockery of

5   nonprofit governance and the fiduciary duties applicable to nonprofit directors. Hostile takeovers

6   have their place in the context of for-profit corporations, where such actions may further the

7   interests of shareholders who typically have legitimate ownership interests in the target company

8   and a right to act in furtherance of their interests. But the only legitimate interest of the directors

9   in a non-profit is to serve the best interests and charitable mission of the entity.

10       All of the purported actions taken at yesterday's meeting and since the prior meeting

11  orchestrated by Dr. Soon-Shiong and his advisors on August 13, 2024, are a sham and only confirm

12  that the relief sought by the TRO motion should be granted. As set forth in AAHI's prior

13  submission and the supporting declarations, Dr. Cherrington and Dr. Kwong were properly

14  appointed to the board and thus have a right to participate in any board meeting. With their

15  participation, a majority of AAHI's unconflicted directors—Dr. Casper, Dr. Mocarski, Dr.

16  Cherrington, and Dr. Kwong—supports the relief sought by the TRO Motion and opposes Dr.

17  Soon-Shiong's actions[4]. Without the appointment of Dr. Cherrington and Dr. Kwong, AAHI would

---

extending of grants or scholarships to others." Treas. Reg. § 1.170A-9(d)(2)(v)(C).  AAHI's status as an MRO was confirmed in a letter to the IRS in 2006.

[3] Private foundations, such as Dr. Soon-Shiong's family foundation, are required to exercise expenditure responsibility before, during and after they transfer funds outside the United States. Internal Revenue Code Section 4945(h), Treas. Reg. 53.4945-4 and - 5(b).  Relieving the foundation of its obligation to do so by washing funds through AAHI could itself violate federal tax rules against private benefits to insiders.

[4] As set forth in Ms. Decaire's first supplemental declaration, at least two current directors aligned with Dr. Soon-Shiong, Dr. Gray and Dr. Concepcion, have conflicts arising from their contractual relationships with Dr. Soon-Shiong's entities, including in the case of Dr. Gray, her dependence on Dr. Soon-Shiong for funding her affiliated organizations in South Africa. Dkt 29 ¶ 19 & Exh. 10.

SUPPLEMENTAL MEMO ISO TRO  - 5
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

not have the five independent directors required by its by-laws. Thus, on the contorted theory underlying Dr. Soon-Shiong's defense, AAHI would not have a properly constituted board—let alone a board that could authorize fundamental changes to AAHI's operations that would undermine its ability to fulfill its research and development mission while Dr. Soon-Shiong continues to participate in its decision making despite his conflicts of interest.

**III.    Conclusion**

For the foregoing reasons, as well as those set forth in its prior submissions, AAHI respectfully submits that Dr. Soon-Shiong's declaration provides further grounds for granting the TRO Motion in its entirety.

Dated August 26, 2024.                         Respectfully submitted,


By:  */s/ Stephen E. Morrissey*
Stephen E. Morrissey, WSBA #44710
Lindsey Godfrey Eccles, WSBA #33566
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Phone: (206) 516-3880
Fax: (206) 516-3883
smorrissey@susmangodfrey.com
leccles@susmangodfrey.com

*Attorneys for Plaintiff*

SUPPLEMENTAL MEMO ISO TRO  - 6
Case No. 2:24-cv-01253

SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883

1

## <u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on this day I caused the foregoing document to be served, via electronic

3

mail, per agreement, on the following:

4

John Quinn
David Elihu

5

Harry A. Olivar, Jr.
Jeffrey Boozell

6

Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa St., 10th Floor

7

Los Angeles, CA  90017
(213) 443-3000

8

johnquinn@quinnemanuel.com
davidelihu@quinnemanuel.com

9

harryolivar@quinnemanuel.com
jeffboozell@quinnemanuel.com

10

11

*Counsel for Defendants*

12

James Sanders
Angela R. Jones

13

Cara Wallace
Perkins Coie LLP

14

1201 Third Ave., Ste. 4900
Seattle, WA  98101-3099

15

(206) 359-8000
jsanders@perkinscoie.com

16

ajones@perkinscoie.com
cwallace@perkinscoie.com

17

18

*Counsel for Dr. Concepcion and Mr. Hsu, Purportedly in Their Capacity as*
*Litigation Committee for the Board of Directors of Access to Advanced Health Institute*

19

20

DATED this 26th day of August, 2024.

21

22

*/s/ Stephen E. Morrissey*
Stephen E. Morrissey

23

24

25

26

27

SUPPLEMENTAL MEMO ISO TRO - 7
Case No. 2:24-cv-01253

S U S M A N   G O D F R E Y   L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Tel:(206) 516-3880; Fax: (206) 516-3883