1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ACCESS TO ADVANCED HEALTH
INSTITUTE,
Plaintiff,

v.

PATRICK SOON-SHIONG, M.D. and CHAN
SOON-SHIONG FAMILY FOUNDATION,
Defendants.

CASE NO. 2:24-cv-1253-BJR

ORDER DENYING EMERGENCY
MOTION FOR TEMPORARY
RESTRAINING ORDER

## I.  INTRODUCTION

This matter comes before the Court on an "Emergency Motion for Temporary Restraining Order," filed by Plaintiff Access to Advanced Health Institute ("AAHI"). Dkt. No. 6. Three individuals—AAHI's President, CEO, and board director Dr. Corey Casper; AAHI General Counsel and Chief Strategy Officer Candice Decaire; and AAHI board director Dr. Edward Mocarski (collectively, "Management")—claim authority under the Washington Nonprofit Corporation Act, RCW 24.03A.966, to bring this lawsuit on AAHI's behalf. Compl., ¶ 21. Dr. Patrick Soon-Shiong, AAHI's board chair, and the Chan Soon-Shiong Family Foundation, ("Foundation," collectively "Defendants"), have filed an opposition to the Motion, disputing that authority and opposing the Motion on its merits. Having reviewed the Motion and the briefs and exhibits filed in support thereof and in opposition thereto, the Court finds and rules as follows.

ORDER DENYING
MOTION FOR TRO

-1

## II.     BACKGROUND

Access to Advanced Health Institute is a Seattle-based nonprofit biotech research institute focused on the development of vaccines and cancer treatments. Compl., ¶ 22. The Complaint alleges that Soon-Shiong and the Foundation, with which he is affiliated, have breached their respective fiduciary and contractual obligations to AAHI. According to the Complaint, the Foundation owes AAHI $8 million under a Grant Agreement, which the Foundation has refused to pay in the absence of assurance that AAHI will deliver millions of dollars ($9 million over the next three years) to the Wits University Donald Gordon Medical Institute ("DGMI"), a medical training facility in South Africa. The Complaint further alleges that Soon-Shiong's continued involvement on the board, particularly with respect to the money owed to AAHI by the Foundation, is hampering AAHI's ability to pursue its rights against the Foundation. By this TRO Motion, AAHI seeks an order from this Court that would, among other things, force Soon-Shiong to "recuse himself from any future participation in AAHI's Board of Directors deliberations or decision-making proceedings in any way pertaining" to the Foundation. Prop. Ord., Dkt. No. 6-43, ¶ 4.

By this Motion Plaintiff also asks the Court to order that Ann Kwong, M.D., and Julie Cherrington, M.D. "be permitted to participate in all AAHI Board of Directors decision-making." *Id.*, ¶ 5. Plaintiff alleges that in a meeting on June 3, 2024, their appointment to the board—effectively expanding board membership from seven directors to nine—was approved by a vote of a majority of board members, but that Soon-Shiong and other board members allied with him have since refused to acknowledge that appointment. The TRO Motion also seeks appointment of a corporate monitor, and the nullification of acts of the board since (and as to some matters, prior to) initiation of this lawsuit, including an independent investigation into AAHI's (mis)use of grant funds, initiated by the board just before the filing of this lawsuit. *Id.*, ¶¶ 6-7, 10.

Defendants oppose the entry of a restraining order. They argue as a threshold matter that Management does not have authority to bring this lawsuit, which the board has not approved, as

ORDER DENYING
MOTION FOR TRO

-2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Defendants claim is required under the bylaws. Compl., Ex. 4, ¶ 4.5. In addition, Defendants claim that at a meeting on February 27, 2024, the AAHI board considered a grant application from the DGMI and, by a vote of 5-2, approved a resolution to "provide funding (up to $3m per year for 3 years) for training of specialists and sub-specialist doctors in Southern Africa," and later created a subcommittee tasked with managing the distribution of those funds. Decaire Decl., Exs. 11, 12, 15, 17, 22. Accordingly, Defendants argue, while the $9 million grant has been approved by the board, its implementation is being improperly stalled by Management's current actions.

Defendants also aver—by the sworn declarations of five of the board's members—that the board *did not* vote to approve the appointment of Kwong and Cherrington, but only agreed to interview and consider them before voting on their appointment. *See* Gray Decl. ¶¶ 2, 4; Hsu Decl. ¶ 2; Concepcion Decl. ¶ 2; Kerr ¶ 3 ("The Board voted that the Governance Committee was authorized to extend invitations for new candidates to meet with the Board for formal consideration to become Board members following a Board vote at a later date."). According to Defendants, this lawsuit is in essence a corporate coup orchestrated by Management in an effort to usurp control from Soon-Shiong and the board majority and implement Management's own agenda.

### III.   DISCUSSION

#### A.  Temporary Restraining Order Standard

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008). To do so, the moving party bears the burden of demonstrating the following elements: "(1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555

ORDER DENYING
MOTION FOR TRO

-3

U.S. at 20). As discussed below, the Court concludes that Plaintiff has failed to make a "clear showing" that the circumstances as described meet this standard.

### B.  Whether Plaintiff Has Met Its Burden Under TRO Standard

#### 1.  Likelihood of Success on the Merits

##### a.  Whether Management Is Authorized to Act on Behalf of AAHI

Defendants argue, as a threshold matter, that Plaintiff is unlikely to prevail on the merits of its suit because Management does not have the authority to bring this action on AAHI's behalf. Plaintiff claims that Management's authority is derived from two sources. First, it cites the Washington Nonprofit Corporation Act, which provides, in relevant part, that "upon petition of a person whose status as, or whose rights or duties as, a member, delegate, director, or officer of a corporation are or may be affected by any corporate action, . . . the court may hear and determine the validity of the corporate action." RCWA 24.03A.966. Plaintiff also argues that Management, and Decaire in particular, has the authority to "retain[] and manag[e] counsel to protect AAHI's interests, including but not limited to litigation." Suppl. Decaire Decl., Dkt. No. 29, ¶ 4. Decaire cites her Employment Agreement as the source of this authority.

The Court concludes, based on the evidence currently before it, that Plaintiff has not made a "clear showing" that it is likely to prevail in demonstrating that Management has the authority to bring this lawsuit on AAHI's behalf. First, while RCWA 24.03A.966 may authorize Management (or any of the individuals comprising Management) to bring a lawsuit on its own behalf to challenge AAHI action, it does not, by its plain terms, authorize them to do so *on AAHI's behalf*. Second, the only provision the Court is able to identify in Decaire's Employment Agreement that might empower Decaire to bring a lawsuit on AAHI's behalf authorizes her only to "[o]versee legal

ORDER DENYING
MOTION FOR TRO

-4-

support for transactions in ordinary course of business." Decaire Suppl. Decl., Ex. 2, Ex. A. As

Defendants convincingly point out, the instant lawsuit "is anything but ordinary." Defs.' Opp. at 9.

As Defendants argue, under both statute and AAHI board bylaws, nonprofit corporate

directors and officers hold only those powers granted them by the corporation's board. AAHI

Bylaws, Compl., Ex. 3, ¶¶ 3.10, 4.5; RCWA 24.03A.490(2). Indeed, in this case there is evidence

that the board directed AAHI's officers *not* to resolve the company's disputes through litigation.

*See, e.g.*, Kerr Decl., ¶ 4 ("At the June 3, 2024 Board meeting, I and a majority of other Board

members directed management to resolve disputes with the Chan Soon-Shiong Family Foundation

without litigation."). Plaintiff's position is that "a majority of the disinterested members of AAHI's

properly constituted board support" Decaire's efforts in bringing this lawsuit. Pl.'s Rep. at 2. By a

disinterested majority of the board, however, Plaintiff means to include Kwong and Cherrington,

whose appointment is one of the contested issues in this lawsuit. Given the evidence before it, the

Court does not expect Plaintiff to prevail in demonstrating Kwong and Cherrington have been duly

appointed. *See, e.g.*, Kerr Decl., ¶ 3; Concepcion Decl., ¶¶ 2, 4. It follows that there are serious

questions as to whether Management is acting with legitimate authority to bring this lawsuit on

AAHI's behalf, and for this reason alone the TRO is denied.

### b. Whether Soon-Shiong Has Breached His Fiduciary Duty

The Court also concludes that even assuming this lawsuit has been brought with proper

authority, Plaintiff has failed to demonstrate it is likely to prevail on the merits of its claims and in

particular, on the question of whether Soon-Shiong has and (in the absence of a TRO) will continue

to breach his fiduciary duty to AAHI.

ORDER DENYING
MOTION FOR TRO

Plaintiff argues there is a conflict of interest in Soon-Shiong continuing to act as board chair in matters respecting AAHI's contractual relationship with the Foundation. Washington's Nonprofit Corporation Act speaks to the circumstances at hand. It provides, in relevant part, that a transaction between a nonprofit corporation and another entity in which its directors have a financial interest "is not void or voidable solely for that reason," provided that "[t]he material facts as to the relationship or interest and as to the contract or transaction are disclosed or are known to the board and the board in good faith authorizes the contract or transaction" and the "contract or transaction is fair as to the corporation as of the time the board or the members authorize, approve, or ratify the transaction." RCWA § 24.03A.615. While Plaintiff alleges that "[b]y ratifying the Foundation's decision not to pay the required $8 million payment for 2024, Dr. Soon-Shiong would, through his family Foundation, receive a direct financial benefit," Pl.'s Mot. at 17, it has provided no evidence for these assertions, either that Soon-Shiong has "ratified" the non-payment of the $8 million, or that in doing so he stands to receive a direct financial benefit. The evidence that has been provided to the Court does not demonstrate a conflict of interest in violation of § 24.03A.615, let alone approach the "clear showing" required for a TRO.

Plaintiff also argues that AAHI's pledge of $9 million to the training of doctors in Africa was not properly approved. It suggests, for example, that the funding is outside the scope of AAHI's core mission and the Foundation's grant, which it claims is "to support active research and development in the field of infectious diseases and cancers," not to train medical professionals. Grant Agreement, Compl., Ex. 1, ¶ 2.1. The cited document goes on to state, however, that such efforts "includ[e] . . . training senior scientists and scientific staff from both the United States and low- and middle-income countries." *Id.* Apparently consistent with this stated purpose, a majority of

ORDER DENYING
MOTION FOR TRO

-6

the AAHI board did in fact vote to approve directing grant money to train doctors in South Africa. Decaire Decl., ¶ 35; Ex. 17. While Plaintiff avers that many of the directors were acting under a conflict of interest in doing so, the evidence at this stage does not support this claim. For these reasons, the Court concludes that Plaintiff has failed to demonstrate that it is likely to prevail on its claim that Soon-Shiong has breached his fiduciary duty to AAHI.

### 2.   Whether Plaintiff Has Demonstrated It Will Suffer Irreparable Harm

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). Plaintiff has failed to demonstrate that the circumstances it describes pose a threat of irreparable harm. The primary harm that Plaintiff cites is the loss of "millions of dollars owed under [] agreements" with entities affiliated with Soon-Shiong, including the Foundation. This harm is obviously one that, if proven, would be compensable by damages. Similarly, the harm Plaintiff claims will result from Soon-Shiong "using substantial AAHI resources on a New York law firm to pursue an open-ended 'investigation' of AAHI management," which investigation Plaintiff seeks to enjoin, is also a monetary, not an irreparable, harm.

The only harm Plaintiff claims that arguably is not compensable in damages is AAHI's right to be governed by an independent board, acting in AAHI's best interest and pursuant to its bylaws. But whether the circumstances presented here actually threaten that right is debated by the parties, and involves questions of fact that cannot be resolved, particularly in Plaintiff's favor, at this stage of this case. For these reasons as well, Plaintiff is not entitled to the extraordinary remedy of a TRO.[1]

---

[1] In addition, neither the balance of hardships, nor any public interest factors, supports Plaintiff's request for a TRO.

ORDER DENYING
MOTION FOR TRO

1

2

## IV.   CONCLUSION

3
　　For the foregoing reasons, the Emergency Motion for Temporary Restraining Order is

4
DENIED.

5
　　DATED this 29th day of August, 2024.

6

7

8
_____
Barbara Jacobs Rothstein
U.S. District Court Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING
MOTION FOR TRO

-8